


800 Third Ave., Suite 2401
New York, NY 10022
**o.** 212.577.0040  **f.** 212.577.0054

**F. Franklin Amanat**
*Licensed in NY, NJ, DC, CT*
direct: 212.577.0052
famanat@motleyrice.com

www.motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

February 14, 2025

Honorable Joan M. Azrack
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      *Re*:   *Cortez v. United States*, No. 2:24-CV-7532 (JMA/ARL)

Dear Judge Azrack:

    Plaintiff Douglas Cortez submits this letter in response to ICE's request for a premotion conference in anticipation of its motion to dismiss for lack of subject matter jurisdiction. ECF No. 17. Mr. Cortez filed this suit on behalf of thousands of people who put up hard-earned money to keep loved ones out of immigration detention. These people entered into written contracts with U.S. Immigration and Customs Enforcement agreeing to post a bond ensuring the detained individual would appear when requested. In exchange, ICE agreed that, if the bond conditions were satisfied through the end of the individual's removal proceedings, then the bond would be canceled and the money would be returned to the person who paid it (the cash obligor), plus interest. *See* ECF No. 17-1 at 2; ECF No. 1 ¶¶ 8–9.

    ICE, however, has failed to live up to its end of the bargain. In thousands of cases, ICE has failed to cancel and refund bonds even after the proceedings had ended and the bond conditions had been fully satisfied. To remedy these violations, Cortez sued under the statute authorizing contract claims for monetary relief against the United States: the Little Tucker Act.

    **A.** The Little Tucker Act waives the federal government's sovereign immunity and grants "jurisdiction" to district courts over any "civil action or claim against the United States, not exceeding $10,000 in amount, founded ... upon any express or implied contract with the United States." 28 U.S.C. § 1346(a)(2).[1] The Federal Circuit has appellate jurisdiction over such cases, *id.* § 1295(a)(2), and its caselaw governs, *Bywaters v. United States*, 670 F.3d 1221, 1227 (Fed. Cir. 2012).

    Under relevant precedent, the jurisdictional analysis here is straightforward: "if a plaintiff alleges breach of a contract with the government, the allegation itself confers power on [the court] to

---

[1] A second statute—not at issue in this case—provides that the Court of Federal Claims shall have exclusive jurisdiction over breach-of-contract actions seeking more than $10,000 per claim. 28 U.S.C § 1491(a)(1). This statute, known simply as the Tucker Act, contains jurisdictional language virtually identical to the Little Tucker Act, and courts often address jurisdiction under the two statutes in tandem. *See, e.g.*, *United States v. Bormes*, 568 U.S. 6, 10 & n.2 (2012); *Gonzales & Gonzales Bonds & Ins. Agency, Inc. v. Dep't of Homeland Sec.*, 490 F.3d 940, 943–45 (Fed. Cir. 2007).



decide whether the claim has merit." *Columbus Reg'l Hosp. v. United States*, 990 F.3d 1330, 1341 (Fed. Cir. 2021).[2] Generally, the suit must also seek "a money judgment." *Id.* at 1354–55.

Here, the plaintiff brought a claim alleging that ICE breached a written contract, and he seeks "a monetary award" in the form of a refund of his bond payment. *Id.* at 1350. That is sufficient for jurisdiction under the Little Tucker Act. "If the suit is at base a claim for money, and the relief available … under the Tucker Act—a money judgment—will provide an adequate remedy, the inquiry is at an end." *Suburban Mort. Assocs. v. HUD*, 480 F.3d 1116, 1125 (Fed. Cir. 2007); *see also Columbus*, 990 F.3d at 1350–53 (same).

In the specific context of immigration bonds, the Federal Circuit has explained that when "a plaintiff [is] seeking the return of money it already paid the government," it "would be receiving monetary damages from the public fisc of the United States which is the touchstone of Tucker Act jurisdiction." *Gonzales & Gonzales Bonds & Ins. Agency v. DHS*, 490 F.3d 940, 945 (Fed. Cir. 2007). Thus, "because [the plaintiff] is seeking monetary relief for the alleged breach of the immigration bond … this Court's jurisdiction under the Tucker Act to hear his claim is clear." *Aguilar v. United States*, 124 Fed. Cl. 9, 15 (2015); *see also United States v. Gonzales & Gonzales Bonds & Ins. Agency*, 728 F. Supp. 2d 1077, 1093 (N.D. Cal. 2010) (holding in immigration bond context that it is "obvious" under Federal Circuit caselaw "that seeking return of monies already paid pursuant to contract creates Little Tucker Act jurisdiction").

**B.** In an effort to avoid this conclusion, ICE argues that this Court lacks the power to hear this case because the plaintiff is actually seeking equitable relief unavailable under the Little Tucker Act. It roots this argument in *Bowen v. Massachusetts*, 487 U.S. 879 (1988), arguing that any suit requesting that the government "perform its contractual obligations" by paying money is actually a request for equitable relief through "specific performance." ECF No. 17 at 2. And it contends that "[t]here is no significant distinction" between the relief in this case and *Bowen*. *Id.* at 3.

The Supreme Court disagrees. The Court recently explained that *Bowen* was a narrow decision limited in "several" key respects. *Maine Cmty. Health Options v. United States*, 590 U.S. 296, 326–27 (2020). "[I]n *Bowen*," the Court "held in the Medicaid context that a State properly sued the HHS Secretary under the Administrative Procedure Act (not the Tucker Act) … for failure to make statutorily required payments." *Id.* at 326. This distinguishes *Bowen* from Little Tucker Act claims like the one here. *First*, "[i]n *Bowen*, the State did not seek money damages, but instead sued for prospective declaratory and injunctive relief to clarify the extent of the Government's ongoing obligations under the Medicaid program" into the future. *Id. Second*, "[t]he State had employed the Administrative Procedure Act in *Bowen* because of the litigants' complex ongoing relationship," and the APA "is tailored to managing the relationships between States and the Federal Government that occur over time and that involve constantly shifting balance sheets, while the Tucker Act is suited to remedying particular categories of past injuries." *Id.* at 327.

*Bowen* is clearly inapplicable. The action here "looks nothing like the requested redress in *Bowen*." *Id.* It does "not ask for prospective, nonmonetary relief to clarify future obligations," but

---

[2] Unless noted, internal quotation marks and alterations have been omitted in this letter.



instead seeks "specific sums already calculated." *Id.* And "this litigation presents no special concern about managing a complex ongoing relationship or tracking ever-changing accounting sheets." *Id.* This "suit thus lies in the Tucker Act's heartland." *Id.*

There is yet another important distinction between this suit and *Bowen*: "unlike in *Bowen*, the claims in this case ... are predicated on breach of contract, a cause of action" that expressly falls under the Tucker Act, and the plaintiff has "invoked that statutory basis for ... jurisdiction." *Columbus*, 990 F.3d at 1350. In contract cases, relief in the form of "a refund of money" is "a request for contract damages." *Id.* at 1354. And reimbursement of an immigration bond seeks "monetary damages from the public fisc of the United States." *Gonzales*, 490 F.3d at 945. That is true "[e]ven if it would have been possible for [the plaintiff] to seek some form of equitable relief," so long as the plaintiff "instead elected to pursue a monetary claim [under the Tucker Act] on a breach of contract theory." *Columbus*, 990 F.3d at 1355.

The cases ICE cites—none of which are binding on this Court—do not support a contrary conclusion. Virtually all predate the Supreme Court's emphasis on the narrow and limited reach of *Bowen*. Several do not even involve breach-of-contract claims under the Tucker Act. *See, e.g., Aetna Cas. & Sur. Co. v. United States*, 71 F.3d 475, 478 (2d Cir. 1995); *Linea Area Nacional de Chile S.A. v. Sale*, 865 F. Supp. 971, 997 (E.D.N.Y. 1994). And any attempt to overread these cases' descriptions of *Bowen* would run directly into Supreme Court (and Federal Circuit) precedent. Other cases are even further afield. *See, e.g., Doe v. United States*, 815 F. App'x 592, 596 (2d Cir. 2020) (holding that, under the law-of-the-case doctrine, the court would follow a motions panel's conclusion that no "substantial federal question" was involved).

**C.** ICE gestures to a few other arguments that can be easily dispensed with. In a parenthetical, it appears to contest the idea that the contract requires it to pay money. ECF No. 17 at 3. But ICE's entire promise under the contract is that cancellation is "automatic" once the underlying immigration proceedings are over, at which point the agency will notify the obligor and return their money (plus interest). ECF No. 17-1 at 2, 5; ECF No. 1 ¶¶ 8–9.[3]

ICE also implies that ICE's contractual obligation is triggered only after the obligor sends ICE a separate form. ECF No. 17 at 2. That is wrong twice over. *First*, this supposed requirement isn't part of the actual contract (or mentioned in it), but comes from a separate receipt that the plaintiff never signed. ECF No. 17-3; *see, e.g., Northrop Grumman Info. Tech., Inc. v. United States*, 535 F.3d 1339, 1343–46 (Fed. Cir. 2008) (rejecting argument that separate writing was incorporated by reference absent "express and clear" statement in the contract itself). *Second*, even under the terms of this receipt, ICE must still take the first steps of cancelling the bond and notifying the obligor so that they can collect, ECF No. 17-3, and ICE has failed to do so, ECF No. 1 ¶ 20.

**D.** In sum, this Court has jurisdiction to hear this breach-of-contract claim seeking a monetary award from the government. Plaintiff appreciates the Court's time and attention to this matter and looks forward to addressing these issues further at the premotion conference, or, if the Court directs, in full briefing on ICE's motion.

---

[3] ICE periodically updates the contract, but these basic requirements remain the same.



Respectfully submitted,

F. Franklin Amanat
Motley Rice LLC

*Counsel for Plaintiff*

cc (by ECF notification and courtesy email):
    AUSA Robert W. Schumacher, II
      All counsel of record