

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*610 Federal Plaza*
*Central Islip, New York 11722*

March 3, 2025

By ECF

Honorable Joan M. Azrack
United States District Judge
Eastern District of New York
100 Federal Plaza—Courtroom 920
Central Islip, New York 11722

        Re:    *Cortez v. United States of America*, 2:24-cv-07532 (JMA)(ARL)

Dear Judge Azrack:

      I write on behalf of defendant the United States of America ("Defendant" or "United States") in this matter. On November 21, 2024, Plaintiff Douglas Cortez ("Plaintiff") filed a Placeholder Motion for Class Certification, and Request to Hold Motion in Abeyance (the "Placeholder Class Certification Motion"). (Docket Entry No. 12) On December 4, 2024, Defendant filed a request to extend its time to respond to Plaintiff's complaint, and also requested that the time for Defendant to respond to the Placeholder Class Certification Motion be extended until March 3, 2025. (Docket Entry No. 14) Magistrate Judge Lindsay granted this request on December 5, 2024. Docket Entry dated Dec. 5, 2024.

      On February 3, 2025, Defendant filed a letter pursuant to Your Honor's Individual Rules to request a pre-motion conference to seek leave to file a motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1) on the grounds that the Court has no subject matter jurisdiction to adjudicate Plaintiff's claims. (Docket Entry No. 17) Plaintiff responded by letter dated February 14, 2025. (Docket Entry No. 20) The Court has yet to schedule a pre-motion conference regarding Defendant's anticipated motion.

      On February 7, 2025, the parties jointly requested a stay of discovery while they briefed Defendant's anticipated motion to dismiss. (Docket Entry No. 19) Magistrate Judge Lindsay granted this joint request by order dated February 10, 2025. Docket Entry dated Feb. 10, 2025.

      In Defendant's pre-motion conference letter, the United States also requested that Plaintiff's Placeholder Class Certification Motion be denied without prejudice as premature, particularly in light of Defendant's anticipated motion to dismiss challenging subject matter jurisdiction. (Docket Entry No. 17) In support of that request, Defendant cited *Jennings v. Continental Serv. Grp., Inc.* 314 F.R.D. 82, 85 (W.D.N.Y. 2016) where the court held, with regard to a motion similar to Plaintiff's Placeholder Class Certification Motion, that "there is nothing to

be gained by continuing to holding in abeyance a premature, undeveloped motion for class certification and allowing it to remain open on the docket indefinitely". Unless the Court requires more briefing on this issue, and also in light of the current stay of discovery, Defendant reasserts this argument and reiterates the request that Plaintiff's Placeholder Class Certification Motion be denied without prejudice.

Thank you for your consideration of this matter.

Respectfully Submitted,

JOHN J. DURHAM
United States Attorney

By: _____/s/_____
ROBERT W. SCHUMACHER
Assistant United States Attorney
(631) 715-7871

cc: F. Franklin Amanat, Esq. (via ECF)