

MotleyRice® LLC
ATTORNEYS AT LAW
www.motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

800 Third Ave., Suite 2401
New York, NY 10022
o. 212.577.0040   f. 212.577.0054

F. Franklin Amanat
Licensed in NY, NJ, DC, CT
direct: 212.577.0052
famanat@motleyrice.com

March 10, 2025

Honorable Joan M. Azrack
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

    Re:    *Cortez v. United States*, No. 2:24-CV-7532 (JMA/ARL)

Dear Judge Azrack:

    Plaintiff Douglas Cortez submits this letter in reply to ICE's response to his placeholder motion for class certification. ECF No. 21. Mr. Cortez filed this suit on behalf of thousands of people who paid immigration bonds to keep family, friends, and community members out of immigration detention while they went through immigration proceedings. However, even when all of the bond conditions were satisfied through the end of removal proceedings, ICE has failed to cancel and refund those bonds in thousands of cases.

    To ensure that this case can proceed as a class action to address this systemic harm, Mr. Cortez filed a placeholder motion for class certification. ECF No. 12. Mr. Cortez explained that most courts have held that a defendant's offer of compensation to a named plaintiff on their individual claim prior to class certification does not moot the case. ECF No. 12-1 at 2–4 (collecting cases). This ensures that named plaintiffs are not "picked off" each time one comes forward, which would otherwise allow defendants to "frustrate the objectives of class actions." *Radha Geismann, M.D., P.C. v. ZocDoc, Inc.*, 909 F.3d 534, 542–43 (2d Cir. 2018) (internal quotation marks omitted).

    Out of an abundance of caution, however, Mr. Cortez filed a placeholder motion, as some courts have "observed" that "fil[ing] a prophylactic motion for class certification" is "the safest way" to avoid a situation where class certification is indefinitely deferred by offers of payment to each new named plaintiff who comes forward. *Fulton Dental, LLC v. Bisco, Inc.*, 860 F.3d 541, 546 (7th Cir. 2017). Because this motion is a merely placeholder, Mr. Cortez also requested that the Court hold it in abeyance.

    ICE now appears to acknowledge that a placeholder motion is not necessary and asks this Court to deny it without prejudice. ECF No. 21 at 1–2. If this Court were also to conclude that such a motion is unnecessary to ensure that the case can proceed despite an offer of individual compensation to a named plaintiff, then Mr. Cortez would not oppose a denial without prejudice so long as this Court makes clear—as other courts have—that "the class allegations are equally preserved at this point in the litigation, regardless whether the Court denies the motion without prejudice or allows this motion to remain on the docket until discovery is concluded." *Perez v. Cent. Credit Servs. LLC*, 2018 WL 1135554, at *2–3 (E.D.N.Y. Feb. 27, 2018); *see also Physicians Healthsource, Inc. v. Purdue Pharma L.P.*, 2013 WL 4782378, at *1–2 (D. Conn. Sept. 6, 2013) ("To the extent that class allegations are preserved from mootness by the filing of a premature motion for certification, they



are no less preserved by an order denying that motion without prejudice to renewal before final judgment.").

  Otherwise, Mr. Cortez respectfully requests that this Court hold the placeholder motion in abeyance.

             Respectfully submitted,

             F. Franklin Amanat
             Motley Rice LLC

             *Counsel for Plaintiff*

cc (by ECF notification and courtesy email):
  AUSA Robert W. Schumacher, II
  All counsel of record