

www.motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

800 Third Ave., Suite 2401
New York, NY 10022
**o.** 212.577.0052  **f.** 212.577.0054

**F. Franklin Amanat**
*Licensed in NY, NJ, DC, CT*
direct:  212.577.0052
famanat@motleyrice.com

January 6, 2026

**BY ECF ONLY**

Honorable Joan M. Azrack
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      *Re*:    *Cortez v. United States*, No. 2:24-CV-7532 (JMA/ARL)

Dear Judge Azrack:

      ICE has admitted that for years it systematically failed to reimburse thousands of individuals who put up hard-earned money to keep loved ones and community members out of immigration detention. *See* ECF 31 at 3. ICE now claims, however, that it has fixed the problem and supposedly "moot[ed]" the case. ECF 42 at 3. Yet ICE has consistently failed to provide evidence or details in support of this assertion, despite prompting by this Court and the named plaintiff, Douglas Cortez. This case should therefore proceed to discovery, as this Court previously suggested.

      **1.** In a July 17, 2025 letter, ICE stated that it was in the process of reviewing over 20,000 "Backlog Cases" for reimbursement. ECF 31 at 3. In response, Mr. Cortez pointed out that ICE had not provided sufficient information to evaluate its efforts. ECF 33 at 2. Mr. Cortez also explained that that there were several key legal violations in the complaint that ICE did not even purport to remedy. *Id.* at 2.

      At a status conference on July 22, 2025, the Court gave ICE additional time to finish its review and expressed hope that this could potentially address the concerns identified and resolve this matter. Otherwise, the Court indicated that it was prepared to move forward with discovery.

      **2.** Despite the nearly 6 months since that status conference, ICE's most recent status report has somehow provided *even less* information. These insufficiencies include:

- ICE no longer even says how many "Backlog Cases" it identified. It appears to have simply deleted that sentence from its prior letter. *Compare* ECF 42 at 3, *with* ECF 31 at 3. There is no explanation for this change.

- ICE does not say whether it attempted to reimburse individuals who had not received refunds in the past because of two legal violations identified in the complaint: (1) ICE giving insufficient notice of bond cancellation; or (2) ICE demanding unnecessary paperwork that



wasn't required by the bond contracts. ECF 1 ¶¶ 10, 20. ICE cannot moot out claims based on violations that it did not even try to address.

- There is no definition of the term "Backlog Cases," making it impossible to evaluate the scope of ICE's review. ECF 42 at 3.

- There is still no description of ICE's methodology for finding cases which met that definition. This makes it impossible to evaluate whether ICE identified the full universe of people entitled to reimbursement.

- ICE's letter consists entirely of characterizations of counsel, and it does not provide any actual evidence, such as a declaration from an agency official describing the steps taken.

ICE cannot "moot" a case based solely on a letter referencing information entirely within ICE's possession that it has repeatedly declined to provide or even describe in any meaningful way. *See, e.g.*, *W. Virginia v. Env't Prot. Agency*, 597 U.S. 697, 719 (2022) ("[T]he Government, not [the plaintiffs], bears the burden to establish that a once-live case has become moot.").[1]

Given this, the case should follow the course that this Court previously suggested and proceed to discovery. This case has been pending now for over 14 months without any discovery or motion practice, and this would finally permit the case to move forward. At the very least, if ICE wishes to actually move to dismiss on mootness grounds, discovery into ICE's efforts would first be necessary for Mr. Cortez and the Court to be able to actually evaluate these arguments.

**3.** Finally, as to ICE's separate argument about subject matter jurisdiction under the Little Tucker Act, ICE (again) does not even mention recent Supreme Court precedent and the position of the Solicitor General, both of which are inconsistent with ICE's position here, as Mr. Cortez already pointed out. ECF 33 at 2–3. If ICE nonetheless wishes to continue pressing this argument, it can file a motion. However, given how long this case has been pending—not to mention the conflict between ICE's view, precedent, and the federal government's position elsewhere—any such motion would not warrant further delaying this case.[2]

We appreciate the Court's time and attention to this matter.

Respectfully submitted,

F. Franklin Amanat

---

[1] Even prior to class certification, ICE also cannot moot a putative class action simply through individual relief to the named plaintiff, as Mr. Cortez explained in his placeholder class certification motion. *See* ECF 12-1 at 2–4 (compiling cases).

[2] ICE's arguments about class certification are similarly entirely premature, and in any event also fail to respond to the caselaw that Mr. Cortez cited in a prior letter. ECF 33 at 3 n. 2.



                                                      Motley Rice LLC
                                                     *Counsel for Plaintiff*

cc (by ECF notification and courtesy email):
    AUSA Robert W. Schumacher, II
      All counsel of record