

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

---

<u>**VIA ECF**</u>

April 16, 2026

Honorable Judge Joan M. Azrack
United States District Judge
100 Federal Plaza
Central Islip, NY 11722

Re:    <u>*Cortez v. United States of America*</u>, 1:24-cv-07532 (JMA) (ARL)

Dear Judge Azrack,

This Office represents Defendant, the United States of America ("Defendant" or "United States"), in the above-referenced putative class action brought by Plaintiff Douglas Cortez ("Plaintiff" or "Cortez").  Defendant writes in accordance with Rule IV.B. of Your Honor's Individual Rules to request respectfully a conference to seek leave to file a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, 12(b)(6).[1]

### I.    Relevant Background

Plaintiff purports to bring this action on behalf of himself and a class of allegedly similarly situated individuals for breach of contract based on U.S. Immigration and Customs Enforcement's ("ICE") alleged systemic failure to comply with the terms of various individual immigration bond agreements.  ECF 1.  Specifically, Plaintiff alleges that in November 2013, he posted a $10,000 cash bond with ICE so that an associate would be released from detention during the pendency of the latter's removal proceedings.  ECF 1, ¶ 3.  Plaintiff asserts a single breach of contract claim alleging that ICE failed to comply with its obligations to timely notify him of the cancellation of his bond in August 2023 and to return his $10,000 cash deposit with applicable interest.  ECF 1, ¶¶ 3, 20-21.  Within eight days of the Complaint being filed, ICE issued a check to Plaintiff for $11,813.37 (*i.e.*, his $10,000 cash bond plus applicable interest).  ECF 17, n. 4.  ICE also separately undertook a voluntary effort to clear the backlog of other potentially cancelable cash bonds by conducting electronic searches to identify cash bond obligors potentially entitled to reimbursement.  ECF 47, 47-1, 47-2.  As a result, between approximately January 2025 and November 2025, ICE certified approximately 20,706 cash bonds for reimbursement (*i.e.,* more than 20,000 people have been reimbursed for their cash bonds since this Complaint was filed).  ECF 47-2, ¶ 12.

### II.    This Court Lacks Jurisdiction Over This Action

The "United States, as a sovereign, is immune from suit save as it consents to be sued…, and

---

[1] Defendant filed a request for a pre-motion conference in anticipation of its FRCP 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction under the Little Tucker Act on February 3, 2025.  ECF 17.  During a telephonic status conference on July 22, 2025, the Court held Defendant's anticipated motion in abeyance.  In light of the anticipated arguments for dismissal set forth in this letter, Defendant respectfully withdraws its previous pre-motion conference letter.  ECF 17.

*Cortez v. United States of America*, 1:24-cv-07532 (Azrack, J.) (Lindsay, M.J.)

the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009) ("The Federal Government cannot be sued without its consent."). "Any waiver of the [United States'] sovereign immunity is to be strictly construed in favor of the [United States]." *Long Island Radio Co. v. NLRB*, 841 F2d 474, 477 (2d Cir. 1988).

The Tucker Act, 28 U.S.C. § 1491(a)(1), waives sovereign immunity for a claim, such as the one presented here, founded "upon any express or implied contract with the United States." The Tucker Act "assigns jurisdiction to the Court of Federal Claims regardless of the monetary amount of the claim." *United States v. Bormes*, 568 U.S. 6, 10, n.2 (2012). A companion statute, the Little Tucker Act, 28 U.S.C. § 1346(a)(2), which Plaintiff purports to invoke here, creates jurisdiction in the district courts concurrent with the Court of Federal Claims for the claims covered by the Tucker Act, but only if the amount of the contract claim is $10,000 or less. *Id.*; ECF 1, ¶¶ 1, 19.[2] Where, as here, the case is filed as a putative class action, the Little Tucker Act's amount-in-controversy limitation requires that the "claims of individual members of the clas[s] do not exceed $10,000." *Bormes*, 568 U.S. at 10 n.1 (quoting *United States v. Will,* 449 U.S. 200, 2011, n.10 (1980)).

The Court should dismiss this action for lack of subject matter jurisdiction, because Plaintiff's actual recovery already exceeds $10,000 and thus this Court does not have jurisdiction under the Little Tucker Act. While Plaintiff includes a singular passing assertion in his Complaint that he waives his right to recovery to the extent that his claim exceeds $10,000 (ECF 1, ¶ 1), other assertions in his Complaint, and Plaintiff's own actions since its filing, are inconsistent with that alleged waiver. For instance, Plaintiff alleges that he is entitled to repayment of the cash bond that he posted in the amount of $10,000, "plus applicable interest." ECF 1, ¶¶ 3, 21; *see also* Prayer for Relief, subsection c (requesting that the court award monetary relief for any cash deposits paid by the plaintiff, plus applicable interest, along with costs, expenses, and attorneys' fees.). Plaintiff's request for recovery of his bond plus interest is consistent with his actions in this case. To illustrate, on November 6, 2024, ICE issued a check to Plaintiff for $11,813.37 (*i.e.*, Plaintiff's $10,000 cash bond deposit, plus applicable interest). ICE's records reflect that Plaintiff's check was not voided after twelve months. Nor were the funds automatically redeposited into the Treasury Trust after twelve months. This means that Plaintiff either cashed or deposited the check. Plaintiff cannot have it both ways – Plaintiff cannot plead that he intends to waive recovery in excess of $10,000 to create jurisdiction, but then accept an actual recovery in excess of that same amount. Plaintiff's acceptance of this check to recover in excess of $10,000 has divested this Court of jurisdiction under the Little Tucker Act and, as a result, this Court should dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.[3] *See e.g.*, *Lin, et al., v. Napolitano, et al.*, 12-cv-5951, 2013 WL 866506, at *1 (E.D.N.Y. Mar. 8, 2013) (exclusive jurisdiction lies in the Court of Federal Claims under the Tucker Act, because plaintiff sought recovery of immigration bond in excess of $10,000); *Glaskin v. Klass*, 996 F. Supp. 67, 73 (D. Mass. 1998).

---

[2] Plaintiff also seeks to invoke 28 U.S.C. § 1331 as providing subject matter jurisdiction (ECF 1, ¶ 1); however, 28 U.S.C. § 1331, the general federal question jurisdictional statute, "does not constitute a waiver of sovereign immunity by the United States." *Mack v. United States*, 814 F.2d 120, 122 (2d Cir. 1987).

[3] Dismissal does not leave Plaintiff without a remedy. As discussed, Plaintiff already received $11,813.37, the full amount owed to him under the bond agreement, and a subject matter jurisdiction dismissal does not preclude Plaintiff from bringing any non-moot claim in the Court of Federal Claims, where Plaintiff potentially has standing to recover in excess of $10,000.

*Cortez v. United States of America*, 1:24-cv-07532 (Azrack, J.) (Lindsay, M.J.)

### III.     Certain Of Plaintiff's Breach Of Contract Theories Fail To State A Claim

Even if the Court rejects Defendant's arguments set forth above, and determines that it has jurisdiction over Plaintiff's breach of contract claim, various breach of contract theories proffered by Plaintiff must still be dismissed for failure to state a claim. As explained above, Plaintiff's Complaint (ECF 1) contains one single breach of contract claim based on ICE's alleged failure to comply with the terms of *his individual* immigration bond agreement. Specifically, Plaintiff claims that his bond agreement was breached because ICE failed to cancel and reimburse his bond following an eligible cancellation event and/or notify him thereof. However, Plaintiff's Complaint also sets forth theories of contractual breach that are not supported by the plain terms of Plaintiff's bond agreement.

Specifically, Plaintiff proffers a theory of contractual breach based on ICE's purported failure to reimburse bonds that have been cancelled because an obligor purportedly did not submit required paperwork. However, nowhere does Plaintiff identify a provision in his bond agreement that was breached. To the contrary, while Plaintiff alleges that ICE "demand[s] that [individuals] forward the original Form I-305 before receiving a refund" and that such form "was unmentioned in the contract," that is not accurate. The terms and conditions associated with Plaintiff's bond are set forth in his executed Form I-352 and Form I-305. *See* Exs. A&B. Plaintiff's I-305 specifically advises that "[a]rrangement will be made for the return to [him] of the cash accepted as security when [he] surrender[s] this receipt." Ex. B, ¶10. Plaintiff expressly agreed that he "**MUST SURRENDER THE ORIGINAL OF THIS RECEIPT BEFORE THE SECURITY WILL BE RETURNED TO [HIM]**." *Id.* (emphasis in original). Therefore, to the extent that ICE even enforced the requirement that Plaintiff provide a receipt, this is consistent with the terms of the agreement. Plaintiff's subjective dislike or disapproval of a contract term is not sufficient to state a breach of contract claim.

In addition, since the filing of the Complaint, Plaintiff's counsel has repeatedly made assertions and asked questions throughout the course of this litigation regarding bonds that have been properly cancelled by ICE, but where refunds were returned as undeliverable and placed in an unclaimed fund Treasury Trust account. Plaintiff's Complaint, however, does not point to any contractual provision that ICE breached under these circumstances and contains no factual allegations to support such a claim. Nor can it: under these circumstances, ICE fully complied with the terms of the bond agreement by cancelling the bond where appropriate and issuing a refund check to the obligor "*at the address on file*." ECF 1, ¶ 9 (emphasis added). Plaintiff's allegation in passing that there is a large amount of returned/unclaimed-funds in a Treasury Trust account, ECF 1, ¶ 11, is insufficient to state a claim for breach of contract.

Any assertion by Plaintiff that these theories support a breach of contract claim to be explored through discovery flips the pleading requirements on their head. As does Plaintiff's attempt to confer jurisdiction on this Court to adjudicate *any* breach of contract claim for a bond over $10,000 and conduct discovery with regard thereto.[4] Plaintiff cannot "unlock the doors of discovery…armed with nothing more than conclusions," or, in this case, questions. *Ashcroft v. Iqbal*, 556. U.S. 662, 678-79 (2009). For these reasons, the Court should dismiss Plaintiff's breach of contract theories where he cannot point to any alleged provision that ICE breached in the bond agreement for failure to state a claim.

---

[4] Approximately 5,000 of the bonds ICE certified for reimbursement were over $10,000.

*Cortez v. United States of America*, 1:24-cv-07532 (Azrack, J.) (Lindsay, M.J.)

Defendant thanks the Court for its consideration of this request.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:    */s/ Nicole M. Zito*
Robert W. Schumacher
Nicole M. Zito
Assistant U.S. Attorneys
Tel:  631-715-7871 / (718) 254-6008
Email:  robert.schumacher@usdoj.gov
nicole.zito@usdoj.gov