

www.motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

800 Third Ave., Suite 2401
New York, NY 10022
**o.** 212.577.0052   **f.** 212.577.0054

**F. Franklin Amanat**
*Licensed in NY, NJ, DC, CT*
direct:  212.577.0052
famanat@motleyrice.com

April 30, 2026

**BY ECF ONLY**
Honorable Joan M. Azrack
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

> *Re*:     *Cortez v. United States*, No. 2:24-CV-7532 (JMA/ARL)

Dear Judge Azrack:

**1.** This case was filed over 17 months ago by a class of thousands of individuals who put up hard-earned money to keep loved ones and community members out of immigration detention, but who ICE never reimbursed when required by its own contract. ECF 1. Then, for over a year, ICE asked to delay this case to purportedly resolve this litigation on its own. During this time, ICE filed a premotion letter asserting that this Court lacked jurisdiction under the Tucker Act on the grounds that this suit was not seeking "money damages." ECF 17 at 2–3. In their most recent status update to the Court, the plaintiffs argued that even if ICE planned on filing a motion to dismiss on this ground, it should not further delay discovery. ECF 49 at 3 n.1. The plaintiffs also pointed out that ICE had continued to fail to provide basic information about the steps it has (and has not) taken—including offering dramatically different accounts of the number of backlogged bonds it had reviewed and repaid. *Id.* at 2-3.

On March 25, 2026, this Court ordered "that this case should proceed to discovery forthwith." The magistrate judge then scheduled a Rule 16 conference and ordered the parties to meet for a Rule 26(f) conference and propose a discovery plan. ECF 50.

During the Rule 26(f) conference, however, things took a turn. ICE revealed for the first time that it planned to file an entirely different motion to dismiss. Instead of arguing that this was not a Tucker Act case because the plaintiffs weren't seeking money damages, ICE now took the position that the named plaintiff, Douglas Cortez, was seeking too much in damages and so could bring suit only in the Court of Claims. ICE revealed that it had new merits arguments, too. All of these arguments could have been raised for over a year, but ICE took the position that discovery should not move forward, despite this Court's order, because of its novel arguments.

**2.** ICE subsequently filed a premotion letter setting out its new arguments. ECF 51. The plaintiffs file this letter in response.

Beginning with jurisdiction, the Little Tucker Act waives the federal government's sovereign immunity and grants "jurisdiction" to district courts over any "civil action or claim against the United States, not exceeding $10,000 in amount, founded ... upon any express or implied contract with the United States." 28 U.S.C. § 1346(a)(2). Claims seeking over $10,000 must be brought under the Big Tucker Act in the Court of Claims. 28 U.S.C. § 1491.



It is well established that a "plaintiff may 'waive damages in excess of $10,000' so that he may avail himself of federal district court jurisdiction" under the Little Tucker Act. *Iosilevich v. United States*, 2024 WL 1211326, at *6 (E.D.N.Y. 2024) (quoting *Chabal v. Reagan*, 822 F.2d 349, 353 (3d Cir. 1987) (compiling cases)). Mr. Cortez did that here, stating expressly in the jurisdiction section of the complaint that "to the extent that his claim exceeds $10,000 or may exceed $10,000 while this litigation is pending, he waives his right to seek damages in excess of $10,000 per claim." ECF 1 ¶ 1; *see also* ECF 1 ¶ 13 (limiting class to individuals for whom "the total amount of the bond plus applicable interest does not exceed $10,000 while the litigation is pending (unless the individual or entity expressly waives any right to receive damages in excess of $10,000 with respect to that bond)"). ICE asks the Court to ignore this express waiver based on language elsewhere stating that: "The plaintiff and the class are entitled to a return of their cash deposits, plus applicable interest, under their contracts with [ICE]." ECF 1 ¶ 21. But that general language about the relief sought doesn't override Mr. Cortez's specific, explicit waiver as to the amount he seeks. Similarly, when the complaint states that under the terms of Mr. Cortez's contract with ICE, he "should have received notice of the cancellation and been refunded the $10,000 cash deposit, plus interest," that was a description of ICE's obligations under the contract, not a request for damages that would exceed his express waiver. ECF 1 ¶ 3.

Beyond that argument about the Court's jurisdiction over the case at the outset, ICE gestures to the idea that it was able to divest this Court of jurisdiction after this suit was filed because ICE—on its own initiative and without notifying Mr. Cortez's counsel—sent him a payment of $11,813.37 and he did not reject it. ICE is mistaken. As a general matter, the Second Circuit and other courts have held that a defendant cannot deprive a court of jurisdiction it had acquired in a putative class case by "pick[ing] off" named plaintiffs via individual payments to try and moot their individual claims. *Radha Geismann, M.D., P.C. v. ZocDoc, Inc.*, 909 F.3d 534, 542–43 (2d Cir. 2018); *see also* ECF 12-1 at 2–4 (compiling cases). Such individual payments do not provide "a plaintiff exercising its right to sue on behalf of others *all* that it has requested in the complaint (*i.e.*, relief for the class)." *Geismann*, 909 F.3d at 542–43 (emphasis added). Were it otherwise, the practical upshot would be to "effectively allow[] the use of tactical procedural maneuvers" to give a defendant the ability to evade classwide relief. *Id.* at 543. Although these risks often arise in the mootness context, they are just as relevant here. Allowing a defendant's unilateral, voluntary payments to a named plaintiff, made without notice to counsel, to divest a court of jurisdiction previously acquired under the Little Tucker Act would allow a defendant to pick off named plaintiffs just by offering more than $10,000.

But even setting that aside, ICE's argument is wrong as a formal matter. ICE made its payment *voluntarily*; the court did not exercise its *jurisdiction* to *order* it. There is nothing inconsistent about Mr. Cortez limiting the damages he is seeking from a court judgment to $10,000 and not rejecting ICE's voluntary payment of a slightly higher amount. ICE's payment was not recovery ordered by this Court, nor was it the complete relief that Mr. Cortez sought in his complaint. Under Second Circuit precedent, that is not enough to moot the case and deprive the court of jurisdiction. And not surprisingly, ICE offers no authority for its argument, instead citing cases involving plainly different scenarios. *See Bang Shun Lin, v. Napolitano, et al.*, 2013 WL 866506, at *1 (E.D.N.Y. 2013) (plaintiff with $50,000 bond sought more than $10,000 in



damages); *Glaskin v. Klass*, 996 F. Supp. 67, 73 (D. Mass. 1998) (describing how to calculate damages sought when an individual brings multiple claims).

**3.** Neither of ICE's bases for moving to dismiss on the merits fare any better.

*First,* ICE asserts that it didn't breach its contract by systematically requiring paperwork unmentioned in the contract before it would provide reimbursement. That's incorrect. The bond contract between Mr. Cortez and ICE is contained on the Form I-352. However, for years ICE required obligors to provide a paper copy of a different form, a Form I-305 receipt, which "was unmentioned in the contract, and that many obligors presumably lacked access to or did not retain for the years that typically elapse between the posting of a bond and the conclusion of proceedings." ECF 1 ¶ 10.

In its effort to justify this practice, ICE attaches a copy of Mr. Cortez's contract that does not include several pages from the I-352 that detail ICE's obligations. *Compare* ECF 51-1 (two excerpted pages from I-352 Mr. Cortez executed in 2013), *with* ECF 17-1 (full 5-page version of I-352 utilized in 2013). Under terms contained on pages that ICE left out, when immigration proceedings are over, "[c]ancellation" of the bond "is automatic," without requiring any additional receipt before a refund is issued. ECF 17-1 at 2.

Ignoring this, ICE instead relies on language in the I-305 receipt, but that document is never mentioned in the contract. ECF 17-1, 51-2; *see, e.g., Northrop Grumman Info. Tech., Inc. v. United States*, 535 F.3d 1339, 1343–46 (Fed. Cir. 2008) (rejecting argument that separate writing was incorporated by reference absent "express and clear" statement in the contract itself). ICE refers to the I-305 as "executed" and states that it shows Mr. Cortez "expressly agreed" to it. ECF 51 at 3. But the only signature on the document is that of the "Designated DHS Official." ECF 51-2 at 2. Finally, ICE does not deny that it enforced this requirement in Mr. Cortez's case. ECF 51 at 2.

*Second,* the complaint alleges that ICE breached its contract with Mr. Cortez and others by failing to provide notice of bond cancellation. ECF 1 ¶ 10. The contract states that "DHS shall notify the obligor ... of ... cancellation of a bond." ECF 17-1 at 2. Mr. Cortez alleged that ICE "routinely failing to send such notice" and also employed less effective forms of mailed notice than when it was seeking money, rather than refunding it. ECF 1 ¶ 10. The result was that thousands of individuals never received notice that they were eligible for bond refunds. *Id.* That is certainly sufficient to state a plausible claim that ICE has breached its notice obligations.

In sum, ICE's new arguments fare no better than in its prior, now-withdrawn pre-motion letter. ECF 17. Not only that, but ICE could have raised these new arguments at any point for well over a year. In doing so now, ICE appears to seek yet another justification for delaying this case. But as this Court already recognized, this case should "proceed to discovery forthwith." March 25, 2026 Order.



Respectfully submitted,

F. Franklin Amanat
Motley Rice LLC
*Counsel for Plaintiff*

cc (by ECF notification):
AUSA Robert W. Schumacher, II
All counsel of record