UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X
DOUGLAS CORTEZ,

                Plaintiff,

                                         **Rule 26(f) Report**
      -against-                                CV 24-7532 (ARL)

UNITED STATES OF AMERICA,

                Defendant.
------------------------------------------X

       Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held on <u>April 15, 2026</u> and was attended by:

       <u>Meghan Oliver, Charlotte Dougherty, Thomas Scott-Railton, Peter Markowitz and Mauricio Noroña</u>, counsel for plaintiff(s) and

       <u>Nicole Zito and Robert Schumacher</u>, counsel for defendant(s).

       Counsel represent that, during the April 15, 2026 meeting, they engaged in a meaningful attempt to meet and confer on the matters outlined below. The parties are in dispute as to how discovery should proceed in this action and have each set forth their respective position below.

       <u>Defendant</u>: On April 16, 2026, Defendant filed a letter in accordance with Rule IV.B. of Judge Azrack's Individual Rules to request respectfully a pre-motion conference in anticipation of the United States' motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1), or in the alternative, 12(b)(6). ECF No. 51. Specifically, Defendant seeks dismissal of this action for lack of subject-matter jurisdiction because Plaintiff's recovery in this case exceeds the $10,000 jurisdictional limit set by the Little Tucker Act. *Id*. Defendant separately seeks dismissal – to the extent that the Court determines that it has jurisdiction – of certain of Plaintiff's breach of contract theories for failure to state a claim. *Id*. Defendant respectfully submits that the Court should determine the threshold issues of jurisdiction and/or the scope of Plaintiff's operative breach of contract claim before the parties commence burdensome class-wide discovery. Therefore, it is Defendant's position that discovery should be stayed until resolution of Defendant's to-be-filed motion to dismiss. ECF No. 51 (pre-motion conference letter). Defendant intends to make an application for a stay of discovery prior to the currently scheduled May 14, 2026 conference in this matter which will further outline the reasons why a stay is warranted. In light of Defendant's forthcoming request to stay discovery, Defendant does not join in any of the deadlines proposed by Plaintiff below.

       <u>Plaintiff</u>: On March 25, 2026, this Court ordered the case to "proceed to discovery forthwith." At the time, Defendant's Pre-Motion Conference Letter seeking leave to file a motion to dismiss was pending. ECF No. 17. Defendant has since withdrawn ECF No. 17 and filed a different Pre-Motion Conference Letter seeking leave to file a motion to dismiss. *See* ECF No. 51. Plaintiff contends discovery should proceed 'forthwith' as already ordered by the Court. *See* ECF No. 52 at 1; ECF No. 54 at 3. Plaintiff respectfully requests the Court adopt the proposed schedule

1

set forth herein.

1.  INITIAL DISCLOSURES
    Have the parties agreed to make initial disclosures?

    Plaintiff: Plaintiff contends initial disclosures are appropriate.

    Defendant: Initial disclosures should only be exchanged after Defendant's
    pending motions are decided and/or the scope of discovery is defined.

    If yes, such initial disclosures shall be made by: May 28, 2026 (Plaintiff).

2.  VENUE AND JURISDICTION
    Are there any contested issues related to venue or jurisdiction?

    X Yes _____ No

    If yes, describe the issue:

    Defendant seeks to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(1) or,
    alternatively, 12(b)(6) as set forth in its Motion for Pre-Motion Conference, ECF No. 51.
    Plaintiff opposes the proposed motion, ECF No. 54.

    If yes, the parties agree that any motion related to venue or jurisdiction shall be filed by

    Plaintiff: If the Court grants Defendant's request for leave to file its motion to dismiss,
    Plaintiff proposes Defendant file its opening brief by June 25, 2026.

    Defendant: Briefing Schedule To Be Determined once leave to file is granted by Judge
    Azrack.

3.  PARTIES AND PLEADINGS
    a.  The parties agree that any motion or stipulation to amend the pleadings or to join
        additional parties shall be filed by January 14, 2027 (Plaintiff).
    b.  If the case is a class action, the parties agree that the motion for class
        certification shall be filed by October 29, 2026 (Plaintiff).

4.  MOTIONS
    Are there any pending motion(s)? X Yes _No

    If yes, indicate which party filed the motion(s), and identify the motion(s) by name
    and docket number:

    - Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) or,
      alternatively, 12(b)(6). ECF No. 51.
    - Plaintiff filed a Placeholder Motion for Class Certification on November 21, 2024
      (ECF Nos. 12, 12.01) and requested the Court hold it in abeyance pending the

filing of a fully developed motion for class certification.

- Defendant intends to make an application for a stay of discovery prior to the currently scheduled May 14, 2026 conference in this action, which will outline Defendant's position as to why a stay is warranted. Plaintiff opposes any stay of discovery. The Court ordered discovery to proceed nearly six weeks ago, but once again ICE has chosen to wait until the eleventh-hour to file its motion.

5. <u>ISSUES</u>
Jointly provide a brief description of case, including causes of action set forth in the complaint, and indicate whether there is a jury demand (an attachment may be provided to complete this section):

<u>Plaintiff</u>: This is a breach of contract action against the United States for failure to return funds to cash obligors after their bonds experienced a cancellation event. Plaintiff, on behalf of himself and the proposed class, alleges the United States is contractually required to cancel immigration bonds upon the occurrence of a cancellation event, to provide reasonable notice to the obligor of the bond's cancellation, and to return the cash deposit to the obligor plus interest. However, Plaintiff alleges that in tens of thousands of cases, the United States did not adhere to its contractual obligations. Plaintiff alleges the United States violated the Little Tucker Act by failing to fulfill its contactual duty to cancel bonds, by failing to notify obligors that their bonds have been cancelled, and by unlawfully retaining hundreds of millions of dollars in cash deposits that should have been returned to the obligors. As Plaintiff explained in response to Defendant's Pre-Motion Letter, ECF No. 54, this Court has jurisdiction under longstanding Little Tucker Act case law because Plaintiff agreed to waive damages in excess of $10,000, and Defendant cannot unilaterally divest the Court of jurisdiction by picking off the named plaintiff. *Id.* at 2-3. Furthermore, ICE's "voluntary effort to clear the backlog" falls far short of providing Plaintiff and the proposed class the full relief they seek. *Id.* at 3; ECF No. 49 at 2-3 (identifying inconsistencies and deficiencies in ICE's purported efforts to resolve the litigation on its own). Indeed, the Court recognized as much in ordering the case to proceed to discovery. There is no jury demand.

<u>Defendant</u>: Plaintiff purports to bring this action on behalf of himself and a class of allegedly similarly situated individuals for breach of contract based on U.S. Immigration and Customs Enforcement's alleged systemic failure to comply with the terms of various individual immigration bond agreements. ECF 1. Specifically, Plaintiff alleges that in November 2013, he posted a $10,000 cash bond with ICE so that an associate would be released from detention during the pendency of the latter's removal proceedings. ECF 1, ¶ 3. Plaintiff asserts a single breach of contract claim alleging that ICE failed to comply with its obligations to timely notify him of the cancellation of his bond in August 2023 and to return his $10,000 cash deposit with applicable interest. ECF 1, ¶¶ 3, 20-21. Within eight days of the Complaint being filed, ICE issued a check to Plaintiff for $11,813.37 (*i.e.*, his $10,000 cash bond plus applicable interest). ECF 17, n. 4. ICE also separately undertook a voluntary effort to clear the backlog of other potentially cancelable cash bonds by conducting electronic searches to identify cash bond obligors potentially entitled to reimbursement. ECF 47, 47-1, 47-2. As a result, between approximately January 2025 and November 2025, ICE certified approximately 20,706 cash bonds for reimbursement (*i.e.,* more than 20,000 people have been reimbursed for their cash bonds since this Complaint was filed). ECF 47-2, ¶ 12.

6. <u>DISCOVERY PROCEDURES</u>

   a. The parties agree that all discovery, inclusive of expert discovery, shall be completed by <u>April 29, 2027 (Plaintiff).</u> The parties agree to schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date, and to file any motions relating to discovery within the discovery period, allowing for a timely response. If, after having met and conferred, the parties are unable to reach an agreement on any matter related to discovery, they may seek the Court's assistance by letter motion pursuant to Local Rule 37.3 and in accordance with Judge Lindsay's Individual Rules.

   b. Do the parties anticipate the production of ESI? <u>X</u> Yes_No[1]
If yes, describe the protocol for such production:

    <u>Plaintiff</u>: Plaintiff proposes using the Court's form ESI Protocol with limited modifications as necessary. Plaintiff proposes filing the ESI Protocol with the Court by June 11, 2026.

    <u>Defendant</u>:  ESI is burdensome and costly and should not be permitted until after the Court resolves Defendant's threshold legal arguments, which include jurisdictional issues.

   c. Do the parties intend to seek a confidentiality order? [2]

    <u>Plaintiff</u>: Plaintiff does not believe a confidentiality order is necessary at this time, but is open to discussing with Defendant.

---

[1] See attachment A.
[2] See attachment B.

7. <u>EXPERT TESTIMONY</u>
   a. Primary expert reports must be produced by <u>January 28, 2027 (Plaintiff).</u>

   b. Rebuttal expert reports must be produced by <u>March 25, 2027 (Plaintiff).</u>

   The schedule for expert discovery must be set in such a way to be completed before the discovery end date set for in paragraph 6(a). Absent a court order, this includes the time needed to complete expert depositions.

8. <u>DISPOSITIVE MOTIONS</u>
   Any party planning on making a dispositive motion must take the first step in the motion process by <u>May 13, 2027 (Plaintiff).</u> It is expected that dispositive motion practice will commence approximately two weeks following the close of discovery.

9. <u>SETTLEMENT</u>
   Settlement discussions have ___ / have not <u>X (Plaintiff)</u> taken place.

   Counsel for the parties have discussed an informal exchange of information in aid of early settlement in this case and have agreed upon the following:

<u>Defendant</u>: As conveyed to the Plaintiff's counsel and the Court, ICE undertook a voluntary effort to clear the backlog of potentially cancelable cash bonds implicated in this suit by conducting electronic searches to identify cash bond obligors potentially entitled to reimbursement. ECF 47, 47-1, 47-2. As a result, between approximately January 2025 and November 2025, ICE certified approximately 20,706 cash bonds for reimbursement (*i.e.,* more than 20,000 people have been reimbursed for their cash bonds since this Complaint was filed). ECF 47-2, ¶ 12. Defendant believes that Plaintiff has been given the remedy requested in his Complaint, and should voluntarily dismiss this action as moot, or be required to show cause why this action is not moot by providing Defendant and the Court with plausible facts demonstrating that a live case or controversy still exists.

<u>Plaintiff:</u> Defendant is repeating arguments that it already made and the Court has declined to accept, instead ordering this case to proceed. Defendant has not given Plaintiff "complete relief" in the form of "all that [he] has requested in the complaint (*i.e.*, relief for the class)." *Radha Geismann, M.D., P.C. v. ZocDoc, Inc.*, 909 F.3d 534, 542–43 (2d Cir. 2018) (cleaned up). Plaintiff filed this case on October 29, 2024. For over 18 months, Defendant has repeatedly asked to delay this litigation so that it could purportedly voluntarily resolve some of Plaintiff's allegations including clearing the "backlog" of cases it had identified. The Court gave Defendant multiple opportunities to do so, yet Defendant repeatedly failed to answer Plaintiff's questions seeking basic information about the steps it was taking. On March 20, 2026, Defendant filed a status report and two inconsistent declarations regarding the backlog of cases it had cleared. *Compare* ECF No. 47-1 para. 23-26 (stating ICE reviewed only a small subset of the 21,000 previously identified backlog of cases because the search terms were "too broad"), *with* ECF No. 47-2 para. 12 (stating ICE "cancelled approximately 20,952 bonds that were determined to comprise a backlog"). Furthermore, Defendant has entirely failed to address Plaintiff's allegations and questions regarding the unnecessary paperwork violations, notice violations, and millions of dollars in unreimbursed bonds. *See* ECF No. 49 at 3. In light of these deficiencies, the Court ordered discovery to proceed "forthwith."

Defendant's refusal to comply with the Court's order is yet another delay tactic designed to prolong this litigation. Despite the Court ordering discovery to proceed nearly six weeks ago, Defendant did not inform Plaintiff until April 15, 2026 (during the parties' meet-and-confer regarding the Rule 26(f) Report) that it opposed discovery and did not inform Plaintiff that it intended to move to stay proceedings until the evening before this filing was due. Defendant's blatant attempt to further delay discovery should be rejected.

The parties agree to make a good faith effort to settle this case. The parties understand that this case may be referred to an attorney mediator for a settlement conference. The use of any alternative dispute resolution mechanism does not stay or modify any date set forth in the scheduling order.

In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference.

10. <u>RULE 16 PRETRIAL CONFERENCE</u>
Upon receipt of this Form the court will schedule a Rule 16 conference by telephone.

11. <u>CONSENT TO MAGISTRATE JUDGE</u>
Do the parties consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)

_____ Yes   <u>X</u> No

12. <u>OTHER MATTERS</u>
Indicate any other matters for the Court's consideration:

As set forth above, the parties dispute whether discovery should proceed pending resolution of Defendant's motion to dismiss.

13. Once approved any request for modification of this scheduling order must be in writing, and submitted in accordance with the undersigned's Individual Rule 1 (D) which requires that applications be made at least forty-eight hours before the scheduled appearance or deadline.

All parties are advised that they are under a continuing obligation to keep the Court apprised of any changes in their contact information including, but not limited to, their addresses. Failure to do so could lead to the entry of a dismissal or default.

Dated: May 8, 2026

Respectfully submitted,

/s/ William H. Narwold

William H. Narwold
Bar No. WN1713
**MOTLEY RICE LLC**
One Corporate Center
20 Church Street, 17th Floor
Hartford, CT 06103
Tel. (860) 882-1676
*bnarwold@motleyrice.com*

F. Franklin Amanat
Bar No. FA6117
**MOTLEY RICE LLC**
800 Third Avenue, Suite 2401
New York, NY 10022
Tel. (212) 577-0052
*famanat@motleyrice.com*

Meghan S. B. Oliver**
Charlotte E. Dougherty**
**MOTLEY RICE LLC**
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Tel. (843) 216-9000
*moliver@motleyrice.com*
*cdougherty@motleyrice.com*

Deepak Gupta*
Jonathan E. Taylor*
Thomas Scott-Railton*
**GUPTA WESSLER LLP**
2001 K Street NW
North Tower, Suite 850
Washington, DC 20006
Tel. (202) 888-1741
*deepak@guptawessler.com*
*jon@guptawessler.com*
*thomas@guptawessler.com*

JOSEPH NOCELLA, JR.
United States Attorney
Eastern District of New York
610 Federal Plaza, 5th Floor
Central Islip, New York 11722

By: /s/ *Robert W. Schumacher*
Robert W. Schumacher
Nicole M. Zito
Assistant United States Attorneys

*Counsel for the United States of America*

Peter L. Markowitz
Bar No. PM9052
458 Hancock Street
Brooklyn, NY 11233
Tel. (718) 877-8817
*markowitz.peter@gmail.com*

Mauricio E. Noroña
Bar. No. MN6621
37-34 85th Street Apt. 1
Jackson Heights, NY 11372
Tel. (347) 891-3548
*mauricioenorona@gmail.com*

*Counsel for Plaintiff and the Putative Class*

*\*pro hac vice*
*\*\*pro hac vice application forthcoming*