

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*610 Federal Plaza*
*Central Islip, New York 11722*

May 12, 2026

**VIA ECF**

Honorable Judge Joan M. Azrack
United States District Judge
100 Federal Plaza
Central Islip, NY 11722

      Re: *Cortez v. United States*, 1:24-cv-07532 (JMA)(ARL)

Dear Judge Azrack,

This Office represents Defendant, the United States of America (the "United States"), in the above-referenced matter. The United States writes to request respectfully that the Court vacate its March 25, 2026 Order directing discovery in this putative class action and enter a stay of all discovery pending resolution of Defendant's anticipated motion to dismiss. ECF Nos. 50, 54. Plaintiff does not consent to Defendant's request.[1]

## I.     Relevant Procedural History

By way of background, Plaintiff brings this action on behalf of himself and a class of allegedly similarly situated individuals for breach of contract based on U.S. Immigration and Customs Enforcement's ("ICE") purported failure to comply with the terms of various individual immigration bond agreements by failing to timely reimburse obligors bond proceeds upon the occurrence of an event warranting cancellation of the bond. ECF 1. Within eight days of the Complaint being filed, ICE made Plaintiff whole by issuing a check to him for $11,813.37 (*i.e.*, his $10,000 cash bond plus applicable interest). ECF 17, n. 4. ICE also separately undertook a voluntary effort to give Plaintiff the very relief sought in the complaint on behalf of a yet to be certified class of other bondholders: the clearing of a backlog of reimbursable cash bonds that was caused by the exponential rise in national immigration proceedings since 2020. Using electronic searches to identify cash bond obligors potentially entitled to reimbursement (*see* ECF 47, 47-1, 47-2), between approximately January 2025 and November 2025, ICE cleared the backlog by certifying approximately 20,706 cash bonds for reimbursement[2] (*i.e.*, more than 20,000 people

---

[1] The parties conferred via telephone on April 15, 2026. Then, on May 8, 2026, the parties filed a joint proposed discovery plan wherein Plaintiff interposed an objection to Defendant's request to stay discovery. ECF No. 55.

[2] Even though ICE voluntarily undertook efforts to clear the backlog, and provided detailed status reports and declarations to the Court describing these efforts, Plaintiff obfuscates the information that Defendant provided to the Court by accusing ICE of not reviewing the approximate 21,000 backlog cases that comprised the backlog. ECF 49.

have been reimbursed with the proceeds of their cash bonds since the filing of this Complaint). ECF 47-2, ¶ 12.

On March 20, 2026, Defendant submitted two declarations of ICE employees that explained ICE's efforts to clear the backlog of cash bonds, including the electronic searches conducted by ICE to identify cash bond obligors entitled to reimbursement. ECF 47, 47-1, 47-2. Plaintiff responded to Defendant's declarations on March 25, 2026 by identifying a number of purported deficiencies and questions—many of which had little to no relevance to the circumstances of the single purported breach of Plaintiff's bond agreement.

On March 23, 2026, Your Honor ordered the case to "proceed with discovery" and for the parties to appear before Magistrate Judge Lindsay for a Rule 16 conference. Order dated March 25, 2026. The parties submitted a Rule 26(f) Report on May 8, 2026 (ECF 55) and currently are scheduled to appear before Judge Lindsay for an Initial Conference on May 14, 2026 to discuss the issues raised therein. Plaintiff's proposal is to proceed with class wide, full merits-based discovery forthwith, while Defendant interposed its objection to doing so.

Specifically, after Your Honor ordered the case to "proceed with discovery", on April 16, 2026, Defendant filed a letter in accordance with Rule IV.B. of Your Honor's Individual Rules to request respectfully a pre-motion conference in anticipation of the United States' motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1), or in the alternative, 12(b)(6). ECF 51. Defendant seeks dismissal of this action for lack of subject-matter jurisdiction because Plaintiff's recovery in this case exceeds the $10,000 jurisdictional limit set by the Little Tucker Act.[3] *Id*. Defendant separately seeks dismissal – to the extent that the Court determines that it has jurisdiction – of certain of Plaintiff's breach of contract theories for failure to state a claim. *Id*. For the reasons set forth below, Defendant respectfully submits that the Court should determine the threshold issues of jurisdiction and/or the scope of Plaintiff's operative breach of contract claim before the parties commence burdensome class-wide merits-based discovery.

## II.    Defendant's Request To Stay Discovery

A district court has considerable discretion to stay discovery pursuant to Fed. R. Civ. P. 26(c) for good cause. *Sharma v. Open Door NY Home Care Services, Inc.*, 345 F.R.D. 565, 568 (E.D.N.Y. 2024) (Marutollo, J.) (staying discovery pending motion to dismiss). Good cause exists for Defendant's request that the Court vacate its prior order directing discovery and stay all discovery in this action until resolution of Defendant's anticipated motion to dismiss.

Indeed, proceeding with class-wide merits-based discovery during the pendency of Defendant's anticipated motion would be burdensome and potentially prejudicial.

---

[3] Dismissal would not leave Plaintiff without a remedy. Plaintiff already received $11,813.37, the full amount owed to him under his bond agreement, and a subject matter jurisdiction dismissal does not preclude Plaintiff from bringing any non-moot claim in the Court of Federal Claims, where Plaintiff potentially has standing to recover in excess of $10,000 for breach of contract.

First, the United States has sought leave to move to dismiss this case on jurisdictional grounds. The Court should resolve the threshold issue of whether it has jurisdiction over Plaintiff's claim before allowing discovery, because "[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Beter Env't*, 523 U.S. 83, 94 (1988). *See Davis v. Banana Republic, LLC*, 21-cv-06160-KAM-VMS, Order dated September 23, 2022 (*sua sponte* staying discovery in light of jurisdictional issues raised in Defendant's motion to dismiss).

Likewise, if discovery were to proceed at this juncture, the breadth of discovery it appears Plaintiff will pursue will pose a significant burden on Defendants. Indeed, the United States would be prejudiced if discovery is not stayed because it would be required to allocate significant resources from ICE in researching and compiling facts related to claims which may ultimately be dismissed. Specifically, even if the Court determines that it has jurisdiction over Plaintiff's single breach of contract claim, the United States should not be burdened by Plaintiff's various breach of contract theories that must be dismissed for failure to state a claim.

Plaintiff's Complaint contains one single breach of contract claim based on ICE's alleged failure to comply with the terms of *his individual* immigration bond agreement. Plaintiff claims that his bond agreement was breached because ICE failed to cancel and reimburse his bond following an eligible cancellation event and/or notify him thereof. However, Plaintiff's Complaint also sets forth theories of contractual breach that are not supported by the plain terms of Plaintiff's bond agreement. Even though not supported by the plain terms of Plaintiff's bond agreement, breach of contract theories have been asserted for: 1) ICE's purported failure to reimburse bonds that have been cancelled because an obligor purportedly did not submit required paperwork; and 2) bonds that have been properly cancelled by ICE, but where refunds were returned as undeliverable and placed in an unclaimed fund Treasury Trust account. Further, whatever this Court decides with regard to jurisdiction of Plaintiff's individual claim, Plaintiff's Complaint intimates that this Court should adjudicate *all* purported breach of contract claims—even those for in excess of $10,000 over which this Court has no jurisdiction and must be brought in the Federal Court of Claims.

Any assertion by Plaintiff that these theories support a breach of contract claim to be explored through discovery flips the pleading requirements on their head. Plaintiff cannot "unlock the doors of discovery…armed with nothing more than conclusions," or, in this case, questions. *Ashcroft v. Iqbal*, 556. U.S. 662, 678-79 (2009).

This burden of discovery in the face of Defendant's anticipated motion is especially true where, as here, Plaintiff purports to represent a nationwide class of individuals without temporal limitation. *See Sharma v. Open Door NY Home Care Servs., Inc.*, 345 F.R.D. 565, 569 (E.D.N.Y. 2024) (granting motion to stay class discovery and explaining that "[p]ermitting class and collective-based discovery would thus serve to create an unnecessary burden should Defendant's motion to dismiss be resolved in its favor"); *Palladino v. JPMorgan Chase & Co.*, 730 F. Supp. 3d 4, 12 (E.D.N.Y. 2024) (affirming stay of discovery pending motion to dismiss due to, among other reasons, the fact that plaintiffs in multi-district litigation sought brought discovery, which poses a significant burden on defendants); *Amron v. 3M Minnesota Mining & Mfg. Co.*, No. 23-

CV-8959-PKC-JMW, 2024 WL 263010, at *3 (E.D.N.Y. Jan. 24, 2024) ("the breadth of discovery here, as presented by Defendant, favors a stay because the parties could avoid substantial burden and waste of precious resources by staying discovery until the motion to dismiss has been decided.").

Furthermore, a stay of discovery would not prejudice Plaintiff: as stated above, they have voluntarily been given the very relief they sought—reimbursement to approximately 21,000 eligible bond obligors who comprised the backlog. Moreover, a stay of discovery would benefit Plaintiff because it will save Plaintiff from expending time and resources conducting class discovery on claims that may not be viable and, to the extent some or all of Plaintiff's claims are viable, a stay will allow Plaintiff to conduct discovery, at the appropriate time, against the United States with certainty as to the scope of the claims, in the proper forum, and without duplication.

Defendant, therefore, requests respectfully that the Court vacate its prior order directing discovery and stay all discovery in this action *sine die*, pending resolution of Defendant's anticipated motion to dismiss. ECF 50; *see e.g.*, *Eaddy v. United States of America*, 24-cv-08109-RPK-VMS, Order dated March 11, 2025 (adjourning initial conference and staying discovery on consent pending Defendant's motion to dismiss); *Levy, et al. v. Endeavor Air, Inc.*, 21-cv-04387-ENV-JRC, Order dated December 10, 2021 (granting motion to stay discovery on consent pending Defendant's motion to dismiss).

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:  */s/ Nicole M. Zito*
Robert W. Schumacher
Nicole M. Zito
Assistant U.S. Attorneys
Tel:  631-715-7871 / (718) 254-6008
Email:  robert.schumacher@usdoj.gov
nicole.zito@usdoj.gov