

www.motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

800 Third Ave., Suite 2401
New York, NY 10022
**o.** 212.577.0052  **f.** 212.577.0054

**F. Franklin Amanat**
*Licensed in NY, NJ, DC, CT*
direct: 212.577.0052
famanat@motleyrice.com

May 22, 2026

**BY ECF ONLY**
Honorable Joan M. Azrack
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

    *Re*:  *Cortez v. United States*, No. 2:24-CV-7532 (JMA/ARL)

Dear Judge Azrack:

   ICE's request to reconsider and vacate this Court's prior ruling and stay discovery, ECF 58, should be denied. Little has changed since March 25, when this Court ordered that discovery should proceed "forthwith." Mar. 25, 2026 Order. At that time, ICE already had a pending pre-motion letter seeking dismissal on jurisdictional grounds. This Court had already reviewed the same evidence that ICE cites here regarding the steps that ICE has (and has not) taken to refund a backlog of thousands of immigration bonds. And this case had already been pending for over 17 months. The only thing that has changed is that ICE has now withdrawn its prior pre-motion letter and filed a new one with new arguments that are inconsistent with its prior position. That is far from a sufficient reason for reconsideration. And even under the ordinary standard for motions to stay discovery, ICE falls short. If anything, the fact that ICE has delayed discovery for nearly two more months after this Court's prior order only further justifies ensuring that this case can finally get under way.

   **1.** This case was filed in October 2024 on behalf of a class of thousands of individuals who put up hard-earned money to keep loved ones and community members out of immigration detention, but whom ICE never reimbursed as required by its own contract. ECF 1. For over a year, ICE asked to delay this case to purportedly resolve this litigation on its own by clearing the large backlog of bonds. ICE also filed a pre-motion letter asserting that this Court lacked jurisdiction. ECF 17 at 2–3. After multiple hearings and status reports, in March 2026 the plaintiffs pointed out that ICE had repeatedly failed to provide key information about its efforts and that the information ICE had provided was inconsistent. ECF 49 at 2–3. The plaintiffs also argued that ICE's pre-motion letter regarding a motion to dismiss for lack of jurisdiction did not warrant further delaying discovery. *Id.* at 3 n.1.

   In response, on March 25, 2026, this Court issued an order stating that "[h]aving reviewed" the parties' submissions, "the Court concludes that this case should proceed to discovery forthwith." Mar. 25, 2026 Order. Magistrate Judge Lindsay then scheduled a discovery conference and ordered the parties to meet and confer regarding a discovery plan. ECF 50. Despite this, ICE took the position that discovery was unwarranted because it was going to file a motion to dismiss on different grounds that it could have raised for over a year. ICE then filed a pre-motion letter withdrawing its prior letter and setting out its new arguments, ECF 51, and the plaintiffs filed a response, ECF 54.

   Then, on May 12, 2026, ICE filed a letter motion requesting that this Court "vacate its March 25, 2026 Order directing discovery." ECF 58 at 1. The plaintiffs file this response.



**2.** ICE's most recent motion is, in substance, an untimely motion for reconsideration that does not come close to meeting the high standard for such requests. "[T]he nature of a motion is determined by its substance and not the label attached to it." *Rosado v. Johnson*, 589 F. Supp. 2d 398, 400 (S.D.N.Y. 2008). Judges in this District routinely construe requests as motions for reconsideration when in substance they seek reconsideration of a prior decision, including in similar situations. *See Shoreline Aviation, Inc. v. Herbst*, 2021 WL 10718011, at *1–2 (E.D.N.Y. Apr. 8, 2021) (holding that request to limit discovery pending a motion to dismiss was in substance a motion for reconsideration of a prior order directing discovery); *see also, e.g., United States v. Hatfield*, 2010 WL 1957363, at *1 (E.D.N.Y. May 11, 2010); *Meehan v. Brookliv LLC*, 2022 WL 523545, at *1–2 (E.D.N.Y. Feb. 22, 2022). So too here. ICE is plainly seeking reconsideration in asking this Court to "vacate" its prior order directing discovery and issue an order staying discovery. ECF 58 at 1.[1]

This request fails multiple times over. To begin, ICE's motion is untimely, as Local Civil Rule 6.3 requires such motions to be made within 14 days—not well over a month. *See Hatfield*, 2010 WL 1957363, at *1 (construing motion as a motion for reconsideration and denying it as untimely under Rule 6.3). Further, ICE's motion is "devoid of any argument that the proper standard for reconsideration has been applied or met." *Shoreline Aviation*, 2021 WL 10718011, at *1–2; *Meehan*, 2022 WL 523545, at *1–2.

Even putting those failures aside, "[r]econsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly." *Meehan*, 2022 WL 523545, at *2. "A motion for reconsideration should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (cleaned up). And "a party may not introduce new facts or raise new arguments that could have been previously presented to the court." *Meehan*, 2022 WL 523545, at *2 (cleaned up).

ICE falls far short of meeting this standard. As noted above, when this Court ordered discovery on March 25, the situation was much the same as now: ICE had a pending pre-motion letter seeking dismissal on jurisdictional grounds, and the parties had extensively litigated whether ICE's voluntary efforts to refund bonds had resolved this case or whether it should proceed to discovery. This Court's order only came after ICE's repeated failure to provide information and after ICE's own evidence offered dramatically different accounts of the number of backlogged bonds it had reviewed and repaid. ECF 49 at 2–3.

The only change is that ICE has now abandoned its prior jurisdictional arguments in favor of new ones. But ICE has given no reason why these new arguments could not "have been previously presented to the court," and ICE's shifting positions only provide more reason to be skeptical of its request. *Meehan*, 2022 WL 523545, at *1–2. And if anything, the additional weeks of delay since

---

[1] If ICE's motion were just a motion to stay discovery, under this Court's Individual Rule IV.A, it should have been addressed to Magistrate Judge Lindsay. Presumably ICE did not do so because it recognized that its motion seeks reconsideration of this Court's prior ruling.



this Court's March 25 order only further warrant denying ICE's untimely request for reconsideration.

**3.** Even under the ordinary standard for stays of discovery, however, ICE's motion should be denied. "The party seeking a stay of discovery bears the burden of showing good cause," and "[t]he pendency of a dispositive motion is not, in itself, an automatic ground for a stay." *Mirra v. Jordan*, 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016) (cleaned up). "In evaluating whether a stay of discovery is appropriate, courts consider (1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Confusione v. Autozoners, LLC*, 2022 WL 17585879, at *2 (E.D.N.Y. Dec. 12, 2022) (Azrack, J.) (cleaned up). Each factor supports denial.

*First*, ICE has not "made a strong showing that the plaintiff's claim is *unmeritorious.*" *Id.* (emphasis added). ICE's primary jurisdictional argument "does not challenge the merits of [the plaintiff's] claims," merely the forum for adjudicating those claims, so "[t]his factor thus does not weigh in favor of granting a stay." *WindServe Marine, LLC v. US Workboats, LLC*, 2021 WL 5749829, at *1 (E.D.N.Y. Mar. 2, 2021). And courts regularly deny stays of discovery even when a party seeks dismissal on jurisdictional grounds. *See, e.g.*, *TufAmerica v. Resnik Music Group*, 2026 WL 937944, at *1 (S.D.N.Y. Apr. 7, 2026); *Abbott Lab'ys v. Adelphia Supply USA*, 2016 WL 4148323, at *1 (E.D.N.Y. Aug. 4, 2016); *Lithgow v. Edelmann*, 247 F.R.D. 61, 62–63 (D. Conn. 2007).

Beyond that, ICE has not made a strong showing that its jurisdictional argument is correct. Under longstanding Little Tucker Act case law, named plaintiff Douglas Cortez properly filed suit in this Court on his own behalf by "waiv[ing] damages in excess of $10,000." *Iosilevich v. United States*, 2024 WL 1211326, at *6 (E.D.N.Y. Mar. 21, 2024) (quoting *Chabal v. Reagan*, 822 F.2d 349, 353 (3d Cir. 1987)). He also brought suit on behalf of a class with claims that expressly do not exceed $10,000. ECF 1 at 6. ICE, in contrast, has not cited any authority for the idea that it can deprive a court of jurisdiction over a class action brought under the Little Tucker Act simply by voluntarily choosing to pay a named plaintiff more than $10,000. ECF 54 at 2–3; ECF 51 at 2. And the Second Circuit and other courts have cautioned against permitting tactics that would allow defendants to deprive a court of jurisdiction in a class case by "pick[ing] off" named plaintiffs via individual payments. *Radha Geismann, M.D., P.C. v. ZocDoc, Inc.*, 909 F.3d 534, 542–43 (2d Cir. 2018).

As for ICE's backup merits arguments, they do not seek dismissal of the plaintiffs' claims in full. ECF 58 at 3. Instead, ICE challenges certain of the plaintiffs' alleged breaches of contract—specifically, ICE's requirement of unnecessary documentation and failure to provide sufficient notice. ECF 51 at 3. These non-dispositive arguments cannot warrant staying discovery. Nor has ICE "made a strong showing" that even these limited arguments are correct. *Confusione*, 2022 WL 17585879, at *2. ICE asserts that the plaintiffs' arguments are not supported by the text of the contract, but in doing so ICE relies on incomplete versions of the contract—something the plaintiffs pointed out and yet ICE still does not address. ECF 54 at 3; ECF 58 at 3. ICE also does not expressly deny that it imposed its unnecessary paperwork requirement in Mr. Cortez's case or those of other proposed class members, nor did ICE provide Mr. Cortez or others with sufficient notice.



*Second,* as to burdens of discovery, courts in this District have repeatedly rejected the argument that a stay of discovery is warranted when a motion to dismiss would simply result in transfer or refiling elsewhere. As one court explained, "even if defendants' motion were granted, any dismissal would be without prejudice to refiling in an appropriate jurisdiction," with the result that "[a]ny discovery taken here will be available for use in any subsequent related action." *Abbott Lab'ys*, 2016 WL 4148323, at *1. This means that "granting a stay would not ultimately spare defendants from any burdensome discovery but would delay the resolution of either this case or any subsequent case filed in another jurisdiction." *Id.* (compiling cases); *GBML LLC v. M2B Invs., Ltd.*, 2022 WL 3566549, at *3 (E.D.N.Y. Aug. 18, 2022) ("[E]ven if defendants were to prevail on their motion to dismiss ... plaintiff would nevertheless be able to re-file the action in [another] court and to demand the same discovery; in other words, discovery is likely to occur regardless of the outcome of defendants' motion to dismiss."); *WindServe*, 2021 WL 5749829, at *1 (same). The same is true here, as even if ICE were correct that jurisdiction only exists in the Court of Claims—it is not—this would just result in transfer or refiling followed by discovery in that court.

While ICE emphasizes that this case is a putative class action, the fact that thousands of people are currently harmed by ICE's failure to refund their money is all the more reason for this case to proceed. Further, in putative class cases, parties should "be accorded a fair opportunity to show that certification is warranted," which will require the development of a factual record supporting certification. *Geismann*, 909 F.3d at 542–43; *see also, e.g.*, *Richardson v. Bledsoe*, 829 F.3d 273, 283 (3d Cir. 2016) (noting importance of "proper factual development of class action claims" prior to motion for certification). ICE should not be allowed to further delay this case by precluding such discovery. And as to ICE's backup merits arguments, any change in the scope of discovery would be limited since these arguments are not case-dispositive.

*Third*, as to prejudice to the plaintiffs, further delay would be highly prejudicial, as this case has now been pending for over 19 months without any discovery. *See, e.g.*, *Hicksville Water Dist. v. Jerry Spiegel Assocs., Inc.*, 2022 WL 4072683, at *4 (E.D.N.Y. Sept. 2, 2022) (denying motion to stay where discovery had not begun for two years). Thousands of people are currently being harmed by ICE's continued failure to refund their hard-earned money. The resolution of their claims should not face further delay.

ICE's response is to repeat its refrain that it has already provided full relief. ECF 58 at 4. But this Court already resolved this dispute, ordering discovery after the plaintiffs pointed out that ICE had provided incomplete and inconsistent information about its reimbursement efforts. Indeed, ICE continues to claim to this Court that it has "reimburs[ed] approximately 21,000 eligible bond obligors who comprised the backlog." ECF 58 at 4. Yet a declaration from an ICE official revealed that ICE only reviewed a far smaller number of backlogged bonds. ECF 49 at 2; ECF 471 ¶¶ 23–26. The other bonds appear to have been refunded in the ordinary course, not as part of clearing a backlog. And more fundamentally, if ICE wishes to press its argument that its efforts have been sufficient, that is still more reason to permit discovery to test those factual assertions.

For these reasons, ICE's motion to reconsider and vacate this Court's order and stay discovery should be denied.



Respectfully submitted,

F. Franklin Amanat
Motley Rice LLC
*Counsel for Plaintiff*

cc (by ECF notification and courtesy email):
 AUSA Robert W. Schumacher, II
 AUSA Nicole Zito
 All counsel of record