UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X

DOUGLAS CORTEZ,

                          Plaintiff,

                  -against-

UNITED STATES OF AMERICA,

                        Defendant.
------------------------------------------X

**Revised Rule 26(f) Report**
CV 24-7532 (ARL)

Pursuant to Federal Rule of Civil Procedure 26(f), and the Court's May 15, 2026 order, a meeting was held on May 19, 2026 and was attended by:

    <u>Meghan Oliver, Charlotte Dougherty, and Frank Amanat</u>, counsel for Plaintiff and

    <u>Nicole Zito and Robert Schumacher</u>, counsel for Defendant

Counsel represent that, during the May 19, 2026 meeting, they engaged in a meaningful attempt to meet and confer on the matters outlined below. The parties dispute how discovery should proceed in this action and have each set forth their respective position below.

**<u>Plaintiff's combined discovery proposal:</u>**

**<u>Plaintiff:</u>** As further explained on page 3 in response to Defendant's bifurcated discovery proposal, Plaintiff opposes bifurcated discovery. Specifically, given the significant overlap between class certification discovery and merits discovery, Plaintiff believes bifurcated discovery would be inefficient and lead to unnecessary discovery disputes and further delay. Instead, Plaintiff proposes a combined discovery approach as reflected in the table below.

**<u>Defendant:</u>** In light of Defendant's proposal for bifurcated discovery, Defendant does not join in any of the deadlines proposed by Plaintiff below, unless otherwise indicated.

| <u>Description</u> | <u>Plaintiff's Proposed Deadline</u> |
|---|---|
| Initial Disclosures | June 18, 2026 |
| ESI Protocol | June 25, 2026 |
| Confidentiality Order | June 25, 2026 |
| Substantial completion of document production | January 14, 2027 |
| Stipulation to amend the pleadings or join additional parties | February 4, 2027 |

1

| | |
|---|---|
| Motion for Class Certification | February 18, 2027 |
| Expert Reports | March 25, 2027 |
| Opposition to Class Certification | April 22, 2027 |
| Reply in Support of Class Certification | May 27, 2027 |
| Rebuttal Expert Reports | May 27, 2027 |
| Close of all discovery (including expert) | July 8, 2027 |
| Dispositive Motion Opening Briefs | July 22, 2027 |

**Defendant's bifurcated discovery proposal:**

**Defendant:** The Court ordered that the parties submit a revised Rule 26(f) Report "which may include a bifurcated/phased schedule for discovery." ECF No. 61. In order to promote efficiency and to preserve the Cout's and the parties' resources, Defendant respectfully proposes that discovery should be bifurcated on class and merits issues with a first phase that permits class-related discovery only and a second phase related to the merits that does not begin until after the Plaintiff's anticipated Motion for Class Certification is decided by the Court.

Defendant recognizes that the decision to bifurcate discovery is within the Court's discretion and respectfully submits that bifurcated discovery is appropriate here. Fed. R. Civ. P. 26(c), 42(b). The Plaintiff is unlikely to succeed in demonstrating that class certification is appropriate in this case because (1) proceeding on a classwide basis will not generate common answers proven by classwide proof; and (2) any common issues will not predominate the multitude of individualized issues in this case. Specifically, in order to determine whether ICE breached a contract by failing to return funds to cash obligors after their bonds experienced a cancellation event, the Court will need to conduct fact intensive individualized inquiries into the details of each contract and cash bond. Among other things, the fact-intensive and highly individualized inquiry will require the Court to consider for each putative class member (spanning different locations across the country for an undefined period of time): the facts and circumstances leading to a potential cancellation event, whether there was an actual cancellation event given the procedural status of each immigration proceeding, if the cash bond was returned, and, if not, why not. There is nothing common about this process and Plaintiff's attempt to establish liability will rely on individualized evidence.

Given the significant questions concerning the propriety of class certification, it would be most efficient to conduct discovery in phases, beginning with focusing upon issues pertinent to class certification before conducting more burdensome and expensive merits discovery, which may become unnecessary if the Court denies class certification or changes the putative class in a material way. The efficiencies gained by bifurcating discovery are further amplified here by the fact that it is Defendant's position (as set forth in its pre-motion conference letter at ECF 51) that the Court lacks subject matter jurisdiction over Plaintiff's

claims and this case entirely if a class cannot be certified. It would be against judicial economy and a waste of the parties' time and resources to conduct merits discovery only to determine that the Court does not have jurisdiction to decide the merits of the case. *See e.g.*, *De Leon v. New York Univ.*, No. 21-cv-05005-CM, 2022 WL 179812, at *15 (S.D.N.Y. Jan. 20, 2022) (permitting class discovery and staying merits discovery prior to class action certification in a breach of contract case and explaining that it is "imperative that the court ascertain as quickly as possible whether this action can be maintained as a class action" in light of jurisdictional concerns); *Hall-Landers v. New York Univ.*, No. 20-cv-3250-GBD-SLC, 2023 WL 8113243, at *5 (S.D.N.Y. Nov. 22, 2023) (the presence of jurisdictional issues weighs in favor of bifurcating class action and merits discovery in a breach of contract case).

**Plaintiff:** Plaintiff opposes bifurcation of class certification and merits discovery. Bifurcated discovery is essentially a "stay of merits discovery pending resolution of the class certification issue." *Hines v. Overstock.com, Inc.*, 2010 WL 2775921, at *1 (E.D.N.Y. 2010). But Judge Azrack has now (twice) rejected Defendant's attempts to stay discovery in this case, and Defendant cannot seek to evade those rulings through another means. Even putting that aside, Defendant bears the burden of establishing "good cause." *Id.* Defendant has not met this burden.

Bifurcating merits and class discovery "is the exception in this Circuit." *Reonis v. WVMF Funding, LLC*, 2024 WL 6043237, at *1 (S.D.N.Y. Nov. 1, 2024). Rather than promote efficiency, bifurcation often prolongs discovery given the inevitable disputes over what constitutes class discovery versus merits discovery. *See Hines*, 2010 WL 2775921, at *1 ("[C]ourts in this and other circuits have recognized that where discovery relating to class issues overlaps substantially with merits discovery, bifurcation will result in duplication of efforts and needless line-drawing disputes."); *Renois*, 2024 WL 6043237, at *1 ("The sufficiency of the notice sent by a borrower to Defendants will arise for every borrower in the class; it is a class-wide issue. Given the overlap, bifurcating discovery will only unnecessarily delay the case.").

At this time, Plaintiff is uncertain what (if any) merits discovery he would seek that does not also relate to class certification. For example, Plaintiff sent Defendant twenty-four informal requests for information on January 16, 2026. *See* ECF No. 49-1. Many of Plaintiff's formal requests for production will look substantially similar to these requests—all of which Plaintiff views as relating to class certification rather than exclusively merits. Furthermore, Defendant argues the Court will need to "conduct fact intensive individualized inquiries into the details of each contract and cash bond." While Plaintiff disagrees with this statement, it is apparent that Defendant intends to use these purported "individualized inquiries" in an attempt to defeat class certifications. Preventing Plaintiff from taking discovery on such matters because they relate to the "merits" while simultaneously relying on them to defeat class certification would be unduly prejudicial and improper.

Similarly, defendants routinely insist that a court look at the merits when analyzing class certification. *See Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 300 (S.D.N.Y. 2012) ("[B]ecause of the 'rigorous analysis' required by *Dukes*, courts are reluctant to bifurcate class-related discovery from discovery on the merits."). To the extent Defendant intends to do so here, this further supports a combined, rather than bifurcated, discovery approach.

Defendant proposes the following bifurcated discovery schedule. If the Court orders discovery bifurcated, Plaintiff has included proposed dates alongside Defendant's in the table below. Notably, Plaintiff has proposed a later date for class certification to allow time for Defendant to produce documents responsive to Plaintiff's discovery requests given that Plaintiff anticipates discovery to be significantly front-loaded for the reasons stated above. Plaintiff does not agree to bifurcated discovery and has separately proposed a combined discovery schedule on page 1.

| **Description** | **Defendant's Proposed Deadline** | **Plaintiff's Proposed Deadline** |
|---|---|---|
| Initial Disclosures relating to Class Certification | June 26, 2026 | June 18, 2026 |
| ESI Protocol | | June 25, 2026 |
| Confidentiality Order | | June 25, 2026 |
| Phase One Class-Based Discovery | September 29, 2026 | October 29, 2026 |
| Plaintiff's Deadline to file his Motion for Class Certification | October 13, 2026 | November 19, 2026 |
| Defendant's Opposition to Plaintiff's Motion for Class Certification | December 14, 2026 | January 14, 2027 |
| Plaintiff's Reply in Further Support of his Motion for Class Certification | January 14, 2027 | February 18, 2027 |
| Initial Disclosures relating to merits | TBD following the Court's order on Plaintiff's anticipated Motion for Class Certification[1] | Two weeks after Class Certification Order |
| Substantial completion of document production | | 3 months after Class Certification Order |
| Stipulation to amend the pleadings or join additional parties | | 3 ½ months after Class Certification Order |
| Expert Reports | | 4 months after Class Certification Order |
| Rebuttal Expert Reports | | 6 months after Class Certification Order |
| Close of all discovery (including expert) | | 7 months after Class Certification Order |
| Dispositive Motion Opening Briefs | | 7 ½ months after Class Certification Order |

---

[1] Defendant respectfully proposes that the parties will meet and confer and then enter a second, merits phase of discovery following the Court's order on Plaintiff's anticipated motion for class certification, which will allow the parties to tailor the schedule and scope of merits based discovery based on whether the case is proceeding on an individual or class-wide basis.

**Additional matters/commentary:**

1.  INITIAL DISCLOSURES
    Have the parties agreed to make initial disclosures?

    **Plaintiff:** Plaintiff contends initial disclosures are appropriate and have included proposed dates in the table above.

    **Defendant:** Initial disclosures related to class certification.

2.  VENUE AND JURISDICTION
    Are there any contested issues related to venue or jurisdiction?

    <u>X</u> Yes _____No

    If yes, describe the issue:

    Defendant seeks to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(1) or, alternatively, 12(b)(6) as set forth in its Motion for Pre-Motion Conference, ECF No. 51. Plaintiff opposes the proposed motion, ECF No. 54. A pre-motion conference is scheduled for June 30, 2026 at 1:00 p.m. before Judge Azrack which will determine the briefing schedule.

3.  MOTIONS
    Are there any pending motion(s)? <u>X</u> Yes _No

    If yes, indicate which party filed the motion(s), and identify the motion(s) by name and docket number:

    -   Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) or, alternatively, 12(b)(6). ECF No. 51.
    -   Plaintiff filed a Placeholder Motion for Class Certification on November 21, 2024 (ECF Nos. 12, 12.01) and requested the Court hold it in abeyance pending the filing of a fully developed motion for class certification.

4.  ISSUES
    Jointly provide a brief description of case, including causes of action set forth in the complaint, and indicate whether there is a jury demand (an attachment may be provided to complete this section):

    **Plaintiff:** This is a breach of contract action against the United States for failure to return funds to cash obligors after their bonds experienced a cancellation event. Plaintiff, on behalf of himself and the proposed class, alleges the United States is contractually required to cancel immigration bonds upon the occurrence of a cancellation event, to provide reasonable notice to the obligor of the bond's cancellation, and to return the cash deposit to the obligor plus interest. However, Plaintiff alleges that in tens of thousands of cases, the United States did not adhere to its contractual obligations. Plaintiff alleges the United States violated the Little Tucker Act by failing to fulfill its contractual duty to cancel bonds, by failing to notify obligors that their bonds have been cancelled, and by unlawfully retaining hundreds of millions of dollars in cash deposits that should have been returned to the obligors. As Plaintiff explained in response to Defendant's Pre-

Motion Letter, ECF No. 54, this Court has jurisdiction under longstanding Little Tucker Act case law because Plaintiff agreed to waive damages in excess of $10,000, and Defendant cannot unilaterally divest the Court of jurisdiction by picking off the named plaintiff. *Id.* at 2-3. Furthermore, ICE's "voluntary effort to clear the backlog" falls far short of providing Plaintiff and the proposed class the full relief they seek. *Id.* at 3; ECF No. 49 at 2-3 (identifying inconsistencies and deficiencies in ICE's purported efforts to resolve the litigation on its own). Indeed, the Court recognized as much in ordering the case to proceed to discovery. There is no jury demand.

**Defendant:** Plaintiff purports to bring this action on behalf of himself and a class of allegedly similarly situated individuals for breach of contract based on U.S. Immigration and Customs Enforcement's alleged systemic failure to comply with the terms of various individual immigration bond agreements. ECF 1. Specifically, Plaintiff alleges that in November 2013, he posted a $10,000 cash bond with ICE so that an associate would be released from detention during the pendency of the latter's removal proceedings. ECF 1, ¶ 3. Plaintiff asserts a single breach of contract claim alleging that ICE failed to comply with its obligations to timely notify him of the cancellation of his bond in August 2023 and to return his $10,000 cash deposit with applicable interest. ECF 1, ¶¶ 3, 20-21. Within eight days of the Complaint being filed, ICE issued a check to Plaintiff for $11,813.37 (*i.e.*, his $10,000 cash bond plus applicable interest). ECF 17, n. 4. ICE also separately undertook a voluntary effort to clear the backlog of other potentially cancelable cash bonds by conducting electronic searches to identify cash bond obligors potentially entitled to reimbursement. ECF 47, 47-1, 47-2. As a result, between approximately January 2025 and November 2025, ICE certified approximately 20,706 cash bonds for reimbursement (*i.e.,* more than 20,000 people have been reimbursed for their cash bonds since this Complaint was filed). ECF 47-2, ¶ 12.

5. <u>DISCOVERY PROCEDURES</u>

    a. The parties agree to schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date, and to file any motions relating to discovery within the discovery period, allowing for a timely response. If, after having met and conferred, the parties are unable to reach an agreement on any matter related to discovery, they may seek the Court's assistance by letter motion pursuant to Local Rule 37.3 and in accordance with Judge Lindsay's Individual Rules.

    b. Do the parties anticipate the production of ESI? <u>X</u> Yes_No
       If yes, describe the protocol for such production:

       **Plaintiff:** Plaintiff proposes using the Court's form ESI Protocol with limited modifications as necessary. Plaintiff proposes filing the ESI Protocol with the Court by June 25, 2026 as set forth in the tables above.

       Plaintiff opposes Defendant's position that it does not need to produce ESI as an initial matter. Particularly given that most, if not all, responsive documents are stored electronically, it is unclear what documents Defendant is willing to produce at this time. This blatant attempt to circumvent Judge Azrack's May 27, 2026 Order denying its Motion to Stay and further prolong discovery should be denied.

**Defendant:** Defendant respectfully submits that ESI is burdensome and costly and that phasing of discovery, including as it relates to ESI is proper. As a result, Given the volume of discovery that will be sought by Plaintiff, Defendant respectfully proposes that non-ESI discovery, including limited written discovery, depositions on limited topics, and non-ESI document production should proceed before any supplemental requests relating to ESI.

c. Do the parties intend to seek a confidentiality order?

Defendant will require the execution and entry of a Confidentiality Agreement/Protective Order to the extent that Plaintiff seeks confidential or proprietary information and/or information prohibited from disclosure pursuant to the Privacy Act. Plaintiff has set forth a proposed date for submission of the Confidentiality Order in the tables above.

6. <u>EXPERT TESTIMONY</u>

The schedule for expert discovery must be set in such a way to be completed before the discovery end date. Absent a court order, this includes the time needed to complete expert depositions.

**Plaintiff:** Plaintiff has set forth his proposal for expert discovery in the tables above.

**Defendant:** Defendant respectfully submits that it is unclear what expert discovery may be warranted in this case and that a schedule for expert discovery, if any, should be set following the Court's decision on Plaintiff's anticipated Motion for Class Certification.

7. <u>DISPOSITIVE MOTIONS</u>
Any party planning on making a dispositive motion must take the first step in the motion process by the dates proposed in the tables above. It is expected that dispositive motion practice will commence approximately two weeks following the close of discovery.

8. <u>SETTLEMENT</u>

**Defendant**: As conveyed to the Plaintiff's counsel and the Court, ICE undertook a voluntary effort to clear the backlog of potentially cancelable cash bonds implicated in this suit by conducting electronic searches to identify cash bond obligors potentially entitled to reimbursement. ECF 47, 47-1, 47-2. As a result, between approximately January 2025 and November 2025, ICE certified approximately 20,706 cash bonds for reimbursement (*i.e.,* more than 20,000 people have been reimbursed for their cash bonds since this Complaint was filed). ECF 47-2, ¶ 12. Defendant believes that Plaintiff has been given the remedy requested in his Complaint, and should voluntarily dismiss this action as moot, or be required to show cause why this action is not moot by providing Defendant and the Court with plausible facts demonstrating that a live case or controversy still exists.

**Plaintiff**: Defendant is repeating arguments that it already made and the Court has declined to accept, instead ordering this case to proceed. Defendant has not given Plaintiff "complete relief"

in the form of "all that [he] has requested in the complaint (*i.e.*, relief for the class)." *Radha Geismann, M.D., P.C. v. ZocDoc, Inc.*, 909 F.3d 534, 542–43 (2d Cir. 2018) (cleaned up). Plaintiff filed this case on October 29, 2024. For over 18 months, Defendant has repeatedly asked to delay this litigation so that it could purportedly voluntarily resolve some of Plaintiff's allegations including clearing the "backlog" of cases it had identified. The Court gave Defendant multiple opportunities to do so, yet Defendant repeatedly failed to answer Plaintiff's questions seeking basic information about the steps it was taking. On March 20, 2026, Defendant filed a status report and two inconsistent declarations regarding the backlog of cases it had cleared. *Compare* ECF No. 47-1 para. 23-26 (stating ICE reviewed only a small subset of the 21,000 previously identified backlog of cases because the search terms were "too broad"), *with* ECF No. 47-2 para. 12 (stating ICE "cancelled approximately 20,952 bonds that were determined to comprise a backlog"). Furthermore, Defendant has entirely failed to address Plaintiff's allegations and questions regarding the unnecessary paperwork violations, notice violations, and millions of dollars in unreimbursed bonds. *See* ECF No. 49 at 3. In light of these deficiencies, the Court ordered discovery to proceed "forthwith."

The parties agree to make a good faith effort to settle this case. The parties understand that this case may be referred to an attorney mediator for a settlement conference. The use of any alternative dispute resolution mechanism does not stay or modify any date set forth in the scheduling order.

In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference.

9. <u>RULE 16 PRETRIAL CONFERENCE</u>
Upon receipt of this Form the court will schedule a Rule 16 conference by telephone.

10. <u>CONSENT TO MAGISTRATE JUDGE</u>
Do the parties consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)

_____ Yes    <u>X</u> No

11. <u>OTHER MATTERS</u>
Indicate any other matters for the Court's consideration:

As set forth above, the parties dispute how discovery should proceed.

12. Once approved any request for modification of this scheduling order must be in writing, and submitted in accordance with the undersigned's Individual Rule 1 (D) which requires that applications be made at least forty-eight hours before the scheduled appearance or deadline.

All parties are advised that they are under a continuing obligation to keep the Court apprised of any changes in their contact information including, but not limited to, their addresses. Failure to do so could lead to the entry of a dismissal or default.

Dated: May 29, 2026

Respectfully submitted,

*/s/ F. Franklin Amanat*

F. Franklin Amanat
Bar No. FA6117
**MOTLEY RICE LLC**
800 Third Avenue, Suite 2401
New York, NY 10022
Tel. (212) 577-0052
*famanat@motleyrice.com*

William H. Narwold
Bar No. WN1713
**MOTLEY RICE LLC**
One Corporate Center
20 Church Street, 17th Floor
Hartford, CT 06103
Tel. (860) 882-1676
*bnarwold@motleyrice.com*

Meghan S. B. Oliver*
Charlotte E. Dougherty*
**MOTLEY RICE LLC**
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Tel. (843) 216-9000
*moliver@motleyrice.com*
*cdougherty@motleyrice.com*

Deepak Gupta*
Jonathan E. Taylor*
Thomas Scott-Railton*
**GUPTA WESSLER LLP**
2001 K Street NW
North Tower, Suite 850
Washington, DC 20006
Tel. (202) 888-1741
*deepak@guptawessler.com*
*jon@guptawessler.com*
*thomas@guptawessler.com*

JOSEPH NOCELLA, JR.
United States Attorney
Eastern District of New York
610 Federal Plaza, 5th Floor
Central Islip, New York 11722

By: /s/ *Nicole M. Zito*
Robert W. Schumacher
Nicole M. Zito
Assistant United States Attorneys

*Counsel for the United States of America*

Peter L. Markowitz
Bar No. PM9052
458 Hancock Street
Brooklyn, NY 11233
Tel. (718) 877-8817
*markowitz.peter@gmail.com*

Mauricio E. Noroña
Bar. No. MN6621
37-34 85th Street Apt. 1
Jackson Heights, NY 11372
Tel. (347) 891-3548
*mauricioenorona@gmail.com*

*Counsel for Plaintiff and the Putative Class*

*\*pro hac vice*