

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

July 14, 2026

Honorable Judge Joan M. Azrack
United States District Judge
100 Federal Plaza
Central Islip, NY 11722

      Re:     *Cortez v. United States of America*, 1:24-cv-07532 (JMA) (ARL)

Dear Judge Azrack,

This Office represents Defendant, the United States of America ("Defendant" or "United States"), in the above-referenced putative class action brought by Plaintiff Douglas Cortez ("Plaintiff" or "Cortez"). Defendant writes in accordance with Your Honor's June 30, 2026 Order to advise the Court that it intends to proceed in filing a partial motion to dismiss in this matter. Specifically, Defendant will be seeking dismissal, for failure to state a claim, of various purported breach of contract theories as set forth in Defendant's April 16, 2026 letter to the Court. Docket Entry No. 51. The parties have conferred and jointly propose the following briefing schedule:

    1)  Service of Defendant Moving Submission:      August 14, 2026

    2)  Service of Plaintiff's Opposition:      September 14, 2026

    3)  Defendant's Reply (if any) and filing of fully
        briefed motion:      September 28, 2026

The Court's June 30, 2026 Order states that "[i]f no motion is filed, the case should proceed to discovery." Defendant is now filing a motion. Because the outcome of Defendant's motion will significantly impact the scope of discovery in this matter, Defendant requests that the case *not* proceed to discovery until Defendant's motion is decided. Indeed, Plaintiff has already served discovery requests (attached hereto as Ex. A) seeking broad nationwide discovery related to the breach theories that will be subject to Defendant's forthcoming motion. Docket Entry No. 51 (outlining Defendant's anticipated motion). For example, there is no contractual provision that is breached by a purported requirement to provide a receipt (or affidavit) in order to be reimbursed bond funds. Nor is there a contractual provision breached where a bond was properly cancelled, but the funds returned as undeliverable (and deposited into a government wide unclaimed funds account) due to an obligor's failure to update a mailing address. Notwithstanding, Plaintiff has already made sweeping document demands related to each of these circumstances:

Request for Production 5: To the extent not included above, *all Documents* Concerning ICE's policies, practices, or procedures, whether formal or informal, *with respect to effectuating payment to an Obligor if a Cancellation*

*Notice or Bond reimbursement is returned as undeliverable* including, but not limited to, any written policy statements, directives, memorandum, desk guides, handbooks, worksheets, manuals, or training material, as well as any Communications discussing the policies, practices, or procedures, lack thereof, or changes thereto. This Request seeks Documents that are dated, prepared, or were otherwise in effect at any point during the time period 2018-present and Communications regarding those Documents even if such Communications are dated prior to 2018.

Request for Production 6: *All Documents* Concerning ICE's policies, practices, or procedures, whether formal or informal, *with respect to updating Obligor address records* including, but not limited to, any written policy statements, directives, memorandum, desk guides, handbooks, worksheets, manuals, or training material, as well as any Communications discussing the policies, practices, or procedures, lack thereof, or changes thereto. This Request seeks Documents that are dated, prepared, or were otherwise in effect at any point during the time period 2018-present and Communications regarding those Documents even if such Communications are dated prior to 2018.

Request for Production 7: *All Documents* Concerning ICE's policies, practices, or procedures, whether formal or informal, *with respect to requiring Obligors to submit the original Bond receipt, Form I-305, or a notarized Affidavit in Lieu of Lost receipt, Form I-395*, including, but not limited to, any written policy statements, directives, memorandum, desk guides, handbooks, worksheets, manuals, or training material, as well as any Communications discussing the policies, practices, or procedures, lack thereof, or changes thereto. This Request seeks Documents that are dated, prepared, or were otherwise in effect at any point during the time period 2018-present and Communications regarding those Documents even if such Communications are dated prior to 2018.

Request for Production 8: *All Documents* Concerning ICE's policies, practices, or procedures, whether formal or informal, *with respect to moving funds associated with canceled Bonds to the "government wide account" referenced in paragraph 13 of the Declaration of John Monette,* ECF No. 47-2, including, but not limited to, any written policy statements, directives, memorandum, desk guides, handbooks, worksheets, manuals, or training material, as well as any Communications discussing the policies, practices, or procedures, lack thereof, or changes thereto. This Request seeks Documents that are dated, prepared, or were otherwise in effect at any point during the time period 2018-present and Communications regarding those Documents even if such Communications are dated prior to 2018.

Request for Production 11: *All Documents* Concerning Bonds that experienced a Cancellation Event at any point during the time period 2018-present, *where a Cancellation Notice was issued, and where the Obligor was sent a reimbursement check, but the check was not cashed, and where the Obligor has*

*not been subsequently reimbursed including, but not limited to*:

The bond file as referenced in Paragraph 7(a) of the Declaration of John Monette, ECF No. 47-2;
The Cancellation Notice and all Documents certifying the cancellation;
All Communications to or from the Obligor, including any Demand Notice;
All Communications to or from the bonded individual from the time the Bond was outstanding;
All other Communications Concerning the Bond, including all internal Communications;
ICE's attempts to proactively locate the Obligor as referenced in paragraph 13 of the Declaration of John Monette, ECF No. 47-2.

Request for Production 14: *All data Concerning* Bonds that experienced a Cancellation Event at any point during the time period 2018-present, and *where the Obligor was sent a reimbursement check, but the check was not cashed*, and where the Obligor has not subsequently been reimbursed including data from BMIS, EOIR, the Cash Electronic Bonds Portal, and the Deportable Noncitizen Control System.

Ex. A (emphasis added). Plaintiff is also seeking discovery of "*all bonds* posted by an Obligor pursuant to the Bond Contract", Ex. A at "Definitions" ¶ 3, which would include bonds over the $10,000 amount-in-controversy jurisdictional limitation under the Little Tucker Act. *United States v. Bormes*, 568 U.S. 6, 10, n.1 (2012).

Because Defendant's anticipated motion to dismiss will significantly affect the scope of discovery in this matter, the motion should be resolved prior to discovery beginning. Alternatively, should discovery be ordered to proceed, it should be limited only to the breach of contract claim in Plaintiff's complaint that will not be subject to Defendant's motion: Defendant's purported breach for failing to timely reimburse obligors with bond proceeds where a valid cancellation event occurred.

Defendant thanks the Court for its consideration of this request.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:  */s/ Robert W. Schumacher*
Robert W. Schumacher
Nicole M. Zito
Assistant U.S. Attorneys
Tel:  631-715-7871 / (718) 254-6008
Email:  robert.schumacher@usdoj.gov
            nicole.zito@usdoj.gov