

www.motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
**o.** 843.216.9000  **f.** 843.216.9450

**Charlotte E. Dougherty**
*Licensed in SC, NC, TX*
direct: 843.216.9287
cloper@motleyrice.com

July 15, 2026

<u>via ECF</u>

Honorable Joan M. Azrack
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re: *Cortez v. United States*, 2:24-cv-07532-JMA-ARL

Dear Judge Azrack:

I write on behalf of Plaintiff Cortez in response to ICE's July 14, 2026 filing. Though styled as a letter response to this Court's June 30, 2026 Order, ICE's filing is in substance an improper motion to stay discovery—a request this Court has already denied. This case has now been pending for over 20 months, but ICE has yet to provide any discovery. That is despite two rulings from this Court that discovery should proceed. For the reasons stated below, Your Honor should reject ICE's attempt to further delay this litigation and once again deny ICE's request to stay discovery.

***This Court has repeatedly denied ICE's requests to delay discovery.*** This case was filed in October 2024 on behalf of a class of thousands of individuals who put up hard-earned money to keep loved ones and community members out of immigration detention. ECF 1. For over a year, ICE asked to delay this case to purportedly resolve this litigation on its own by clearing a backlog of bonds. After multiple hearings and status reports, in March 2026 Plaintiff pointed out that ICE had repeatedly failed to provide key information about its efforts and that the information ICE had provided was inconsistent. ECF 49 at 2–3. In response, on March 25, 2026, this Court issued an order stating that "[h]aving reviewed" the parties' submissions, "the Court concludes that this case should proceed to discovery forthwith." Magistrate Judge Lindsay then scheduled a discovery conference and ordered the parties to meet and confer regarding a discovery plan. ECF 50.

ICE then sought reconsideration of this ruling and a stay of discovery, which Your Honor denied on May 27, 2026. Judge Lindsay then reviewed the Parties' revised Rule 26(f) Report and set January 14, 2027 as the deadline for the close of merits discovery. *See* June 1, 2026 Minute Order (rejecting ICE's request for bifurcated discovery).

Despite all this, ICE now once again asks the Court order the case to "*not* proceed to discovery until Defendant's motion is decided." ECF 67 at 1. ICE claims "the outcome of Defendant's motion will significantly impact the scope of discovery in this matter." *Id.* But its Pre-Motion Conference Letter (ECF 51) was already pending when ICE filed its last Motion to Stay Discovery



(ECF 58). And Plaintiff already explained why ICE's merits arguments were insufficient to warrant staying discovery. ECF 63 at 3. There has been no other change that warrants reconsideration of the Court's prior ruling. Because the Court has already rejected ICE's argument that its forthcoming motion to dismiss provides any basis for staying discovery, it should (again) order discovery to proceed.

***ICE does not mention, let alone meet, the standard for staying discovery.*** Even beyond that, ICE fails entirely to mention its burden for staying discovery or explain how it carries that burden. "The party seeking a stay of discovery bears the burden of showing good cause," and "[t]he pendency of a dispositive motion is not, in itself, an automatic ground for a stay." *Mirra v. Jordan*, 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016) (cleaned up). "In evaluating whether a stay of discovery is appropriate, courts consider (1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Confusione v. Autozoners, LLC*, 2022 WL 17585879, at *2 (E.D.N.Y. Dec. 12, 2022) (Azrack, J.) (cleaned up).

*First*, in opposition to ICE's prior motion to stay, Plaintiff explained why ICE's non-dispositive, partial merits arguments do not warrant staying discovery and why ICE had not made a "strong showing" that even these limited arguments are correct. ECF 63 at 3 (quoting *Confusione*, 2022 WL 17585879, at *2). This included ICE's reliance on incomplete versions of the contract—something Plaintiff has repeatedly pointed out and yet ICE *still* does not address. *Id*; ECF 58 at 3; ECF 54 at 3. Not only that, but the Second Circuit has long held that "part only of a single claim cannot be adjudicated with finality." *Rieser v. Baltimore & Ohio R.R. Co.*, 224 F.2d 198, 204 n.8 (2d Cir. 1955). Yet that is precisely what ICE seeks to do. Plaintiff only brought one claim: Breach of contract based on ICE's failure to repay money when owed. ECF 1 at 8. ICE's attempt to use Rule 12(b)(6) to litigate piecemeal over only a subset of reasons for this nonpayment is improper.

*Second*, the outcome of ICE's partial motion to dismiss would not meaningfully change the breadth or burden of discovery. In order to evaluate ICE's failure to repay the money when owed, it will always be necessary to determine why class members have not been paid—even if ICE (incorrectly) maintains those reasons are justified. And any attempt to disentangle these questions for discovery purposes would only lead to further complexity, litigation, and delay.

*Third,* there would be considerable prejudice from continuing to further delay this case. *See, e.g.*, *Hicksville Water Dist. v. Jerry Spiegel Assocs., Inc.*, 2022 WL 4072683, at *4 (E.D.N.Y. Sept. 2, 2022) (denying motion to stay where discovery had not begun for two years). Thousands of people are currently being harmed by ICE's continued failure to refund their hard-earned money. The resolution of their claims should not face further delay.



***ICE's request to stay discovery should be denied as procedurally improper.*** Local Rule 6.3 requires motions for reconsideration to be made "within 14 days after the entry of the court's order being challenged." ICE's latest request comes over six weeks after this Court denied its Motion to Stay Discovery, ECF 58, and is thus untimely. *See* May 27, 2026 Minute Order. ICE's prior request to stay discovery suffered from the same flaw. ECF 63 at 2–3.

The Local Rules also require the parties to "cooperate with each other…in all phases of the discovery process and be courteous in their dealings with each other, including in matters relating to scheduling and timing of various discovery procedures." Local Rule 26.4. But when ICE contacted Plaintiff on the day of filing to determine whether he would agree to a briefing schedule for its motion to dismiss, ICE made no mention of its request to stay discovery, nor did it ask for Plaintiff's position. Rather, ICE represented only that "[w]e are going to inform the Court that we intend to pursue our motion to dismiss related to the alleged contractual breaches we discussed in our PMC letter" and asked if Plaintiff would agree to its proposed briefing schedule.

***ICE should not be permitted to further delay this litigation.*** Consistent with Judge Lindsay's June 1, 2026 Order, Plaintiff served his first set of discovery requests on June 26, 2026. ICE now includes Plaintiff's discovery requests as examples of the "broad nationwide discovery related to the breach theories that will be subject to Defendant's forthcoming motion." ECF 67 at 1. This behavior, too, is inconsistent with Local Rule 26.4. ICE's objections to Plaintiff's discovery requests can and should be addressed through its service of responses and objections after which the Parties can meet and confer to discuss the requests. There is no need, and it is entirely inappropriate, to burden the Court with discovery grievances that are not ripe for judicial intervention.

Indeed, despite the fact that counsel are instructed to "cooperate with each other," Local Rule 26.4, ICE has refused to engage with Plaintiff on any discovery issues, including simple scheduling issues. It has refused to agree to a deadline or counter-propose a date for service of Initial Disclosures despite Plaintiff's repeated follow-ups, and entirely ignored Plaintiff's draft ESI protocol sent on June 26, 2026.[1]

For the reasons stated above, Plaintiff respectfully requests Your Honor once again deny ICE's request to stay discovery. Plaintiff further requests Your Honor order the Parties to exchange Initial Disclosures by July 24, 2026, order ICE to serve its responses and objections to Plaintiff's First Set of Requests for Production of Documents by July 27, 2026, and order ICE to respond to Plaintiff's proposed ESI protocol with any edits by July 27, 2026.

---

[1] In the Parties' revised Rule 26(f) Report, ICE took the position that an ESI protocol was not necessary at this time because it believed "non-ESI discovery, including limited written discovery, depositions on limited topics, and non-ESI document production should proceed before any supplemental requests relating to ESI." ECF 64 at 7. To the extent ICE maintains this position, it is inconsistent with Your Honor's statement that discovery proceed "forthwith."



Respectfully submitted,

Charlotte E. Dougherty